IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:19-cr-00104 |
| | ) |
| CHIKOSI LEGINS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION IN LIMINE
TO PRECLUDE THE USE OF IMPROPER "GOOD CHARACTER" EVIDENCE**

COMES NOW the United States of America, by and through the undersigned attorneys, and respectfully moves this Court to exclude evidence of, or reference to, any specific instances of the defendant's good conduct, including but not limited to evidence of promotion, commendations, or awards. Such evidence would constitute improper character evidence under the Federal Rules of Evidence and should therefore be excluded. In support of its motion, the government states:

**Factual Background**

Defendant Chikosi Legins was a correctional officer at the Federal Correctional Institute at Petersburg. On July 24, 2019, an Eastern District of Virginia grand jury returned an indictment charging the defendant, in Count 1, with willfully depriving inmate B.L. of the right to be free from cruel and unusual punishment. Specifically, the indictment charges that, on or about May 10, 2018, the defendant, while acting under color of law, used his penis to penetrate B.L.'s mouth and anus against B.L.'s will. Count 2 charges the defendant with aggravated sexual abuse for using force to knowingly cause B.L. to engage in a sexual act during the May 10 incident, while Count 3 charges the defendant with sexual abuse of a ward for using his penis to penetrate B.L.'s

mouth and anus while B.L. was under the defendant's disciplinary authority during the May 10 incident. Count 4 charges the defendant with sexual abuse of a ward on or about March 16, 2018 for using his penis to penetrate B.L.'s mouth while B.L. was under the defendant's custodial, supervisory, and disciplinary authority. Count 5 charges the defendant with making false statements to federal agents in relation to these incidents.

## Argument

The government anticipates that at trial the defendant may seek to improperly introduce evidence establishing his "good character." Such evidence could come in many forms, including promotions, positive performance evaluations, previous actions in conformity with the law, or specific acts of helpfulness or kindness toward inmates. This Court should exclude any evidence of specific instances of good conduct on behalf of the defendant because such evidence is improper under Fourth Circuit precedent and inadmissible under the Federal Rules of Evidence.

Federal Rule of Evidence 404 generally prohibits the introduction of evidence of a person's character trait to prove that the person acted in conformity with that character trait on particular occasion. Fed. R. Evid. 404(a). The Rule contains an exception for character evidence relating to criminal defendants, but this exception permits evidence only of a "pertinent" character trait. Fed. R. Evid. 404(a)(2)(A).[1] Federal Rule of Evidence 405(a) in turn limits evidence of a pertinent character trait to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Proof of specific instances of conduct is not permitted under the Rules.[2] *E.g.*, *United*

---

[1] Rule 404(a)(2) also contains an exception for character evidence concerning the victim, and Rule 404(a)(3) contains an exception for character evidence concerning a witness.

[2] Rule 405(b) does permit specific instances of conduct to prove character, but only in cases in which the character trait at issue is "an essential element of a charge, claim, or defense." The Rule accordingly "confines this type of evidence to instances in which character is in issue in the strict sense, which occurs where a material fact that under the substantive law determines rights and liabilities of the parties, such as plaintiff's reputation for honesty in a defamation action." *United*

2

*States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988) ("Unless evidence of character is an essential element of a charge, claim or defense, proof of character is limited to general good character (reputation as a good person and law abiding citizen). Evidence of specific good acts is not admissible." (citation omitted)).

In this case, character evidence offered to prove the general good character of the defendant—such as effectiveness, attention to duty, commitment to public service, professionalism, or dedication—is not admissible because it is not pertinent to the civil rights, sexual abuse, and obstruction of justice charges brought against the defendant. *See, e.g.*, *United States v. Washington*, 106 F.3d 983, 999–1000 (D.C. Cir. 1997) (upholding trial court's exclusion of defendant police officer's commendations where his "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was neither "pertinent" to, nor an "essential element" of, charged bribery, conspiracy, or drug and firearms offenses); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (upholding trial court's exclusion of defendant police officer's prior commendations because "the traits which they purport to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the [charged] crimes [of perjury and conspiracy to commit mail fraud]"); *United States v. Warren*, No. CRIM 10-154, 2010 WL 4668345, at *3 n.1 (E.D. La. Nov. 4, 2010) (collecting cases).

Even if the defendant *could* establish a basis for the pertinence of evidence of good character, the Rules limit his proof of such good character to the testimony as to his reputation, or an opinion about a relevant character trait. Fed. R. Evid. 405(a). For example, a witness could testify that he is familiar with the defendant's reputation and that the defendant has a reputation for being a law-abiding citizen. The defendant would not be permitted, however, to introduce

---

*States v. Piche*, 981 F.2d 706, 713 (4th Cir. 1992) (internal alterations). In this case, the defendant's character is not an essential element of any charge or defense.

evidence of, or refer to, any specific instances of good conduct engaged in by the defendant, or to introduce evidence of, or refer to, his good work performance or achievements in general.

Finally, even if the defendant is permitted to offer character evidence in the form of reputation and opinion testimony regarding his "good character," Rule 405(a) permits the government to cross-examine such character witnesses about their knowledge of specific acts of misconduct by the defendant. Fed. R. Evid. 405(a); *see also Michelson v. United States*, 335 U.S. 469, 483 (1948) ("While the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans."); *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994) ("Once [the defendant] introduced evidence of his trustworthiness and dependability . . . his claim to possession of those traits was open to rebuttal by the government under Rule 404(a)(1), either by direct testimony of reputation, or, as here, by inquiry on cross-examination into relevant instances of conduct.").

## Conclusion

For the foregoing reasons, the government respectfully requests that this Court enter an order prohibiting the defendant from offering or soliciting impermissible "good character" evidence on his behalf.

Respectfully Submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____/s/_____
Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219

Phone: 804-819-5400
Fax:    804-771-2316
Email: Thomas.A.Garnett@usdoj.gov


_____
Kathryn E. Gilbert
Trial Attorney
Civil Rights Division

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 21st day of November, 2019, I electronically filed the foregoing motion using the Court's CM/ECF system, which will send an electronic notification of such filing (NEF) to all counsel of record.

/s/
Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: 804-819-5400
Fax: 804-771-2316
Email: Thomas.A.Garnett@usdoj.gov