IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:19-cr-00104 |
| | ) | |
| CHIKOSI LEGINS, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE THE USE OF INADMISSIBLE HEARSAY

COMES NOW the United States of America, by and through the undersigned attorneys, and respectfully moves this Court to preclude the defense from introducing evidence of the defendant's own, out-of-court statements through witnesses other than himself.  The introduction of such evidence by the defense would constitute improper hearsay evidence under both the Federal Rules of Evidence and Fourth Circuit precedent, and should therefore be excluded.

## Factual Background

Defendant Chikosi Legins was a correctional officer at the Federal Correctional Institute at Petersburg.  On July 24, 2019, an Eastern District of Virginia grand jury returned an indictment charging the defendant, in Count 1, with willfully depriving inmate B.L. of the right to be free from cruel and unusual punishment.  Specifically, the indictment charges that, on or about May 10, 2018, the defendant, while acting under color of law, used his penis to penetrate B.L.'s mouth and anus against B.L.'s will.  The remaining counts of the indictment charge the defendant with aggravated sexual abuse and sexual abuse of a ward in connection with the same incident, sexual abuse of a ward for an earlier incident, and making false statements to federal agents.

The defendant made verbal comments to inmates and other correctional officers about the

charged conduct on and after the date of the May incident.  Additionally, during the investigation of this case, the defendant submitted to a voluntary, non-custodial, audio-recorded interview with agents from the Federal Bureau of Investigation and the Department of Justice's Office of the Inspector General.  During the recorded interview, the defendant made materially false statements, including a denial that he had engaged in a sexual act with any inmate at any time at Petersburg. The defendant also falsely claimed that, when he and inmate B.L. were alone in an unattended office with no surveillance cameras on May 10, they engaged in "just conversation," during which time the defendant tried to use a computer and printer in the office.  In both the recorded interview and in his conversations with another correctional officer, the defendant described masturbating in an officer-only prison bathroom around the time of the incident.  In his conversations with another correctional officer, the defendant further stated that he had seen inmates (including B.L.) in that bathroom after the defendant had masturbated in it, and theorized that the inmates may have collected his DNA from the bathroom.

## Argument

The government anticipates that the defendant may improperly attempt to introduce portions of his own, out-of-court exculpatory statements through witnesses other than himself. These witnesses may include family members, friends, or other federal correctional officers. Alternatively, the defense may try to elicit these statements during the cross-examination of government witnesses. Although the Rules of Evidence allow the government to introduce such statements at trial, a defendant may not seek to use other witnesses to offer into evidence his own prior, out-of-court statements.

The United States intends to introduce at trial out-of-court statements made by the defendant, including portions of the recorded statement the defendant made to federal agents.  Such

statements are admissions, not hearsay, when the prosecution offers them against the defendant. Fed. R. Evid. 801(d)(2).  To constitute an admission under any of the bases described in Rule 801(d)(2), a statement need only be relevant and offered against the defendant by the government; it need not be against the defendant's interest.  *See id.*  Thus, any relevant out-of-court statement that the defendant made is admissible non-hearsay when the United States offers it.

The same statement, however, constitutes hearsay when offered by the defense, and may not be elicited by the defense through other witnesses.  When offered by the declarant, such statements constitute inadmissible hearsay because they are offered by, not against, the party to whom the statement is attributable.  Fed. R. Evid. 801(d)(2); *see also, e.g.*, *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) ("The rules [of evidence] do not . . . provide [a hearsay] exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party."); *Norton v. Rosier*, No. 7:14-CV-00260-FL, 2019 WL 1446977, at *1 (E.D.N.C. Apr. 1, 2019) ("Rule 801(d)(2)(A) does not contemplate introduction of a party's *own* hearsay via a witness."  (emphasis added) (citing *United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 321 (4th Cir. 1982))).  This difference stands to reason:  "[I]f such statements were deemed admissible under Rule 801(d)(2), parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury."  *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005).

Nor may the defendant introduce his own hearsay statements through cross-examination of government witnesses.  *See Wilkerson*, 84 F.3d at 696 (upholding trial court's prohibition of defendant eliciting his own exculpatory statements from agent on cross-examination).  Because the party-opponent hearsay exception does not "extend to a party's attempt to introduce his or her

own statements through the testimony of other witnesses," a defendant may not attempt to introduce such statements through cross-examination of government witnesses. *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014) (upholding district court's prohibition of defendant's cross-examination of government witness with non-testifying defendant's own exculpatory statements); *see also, e.g.*, *United States v. Ramirez-Perez*, 166 F.3d 1106, 1112 n.7 (11th Cir. 1999) (noting that defendant was not entitled to cross-examine agent about exculpatory portions of defendant's statement after agent testified about inculpatory portions of the statement). Rule 801(d)(2) precludes the defendant from putting the defendant's out-of-court statements in any form before the jury without subjecting the defendant to cross-examination.[1]

The defendant may not rely on the Rule of Completeness to admit portions of his own, out-of-court statements, even after the government has admitted portions of these statements. The Rule of Completeness, as codified in Federal Rule of Evidence 106, states that "if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction . . . of any other part . . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Because Rule 106 applies only to written or recorded statements, the defendant may not rely on the Rule to admit portions of any of his non-recorded statements, such as oral statements he made to other correctional officers. *See, e.g.*, *United States v. Smith*, 43 F. App'x 529, 531 (4th Cir. 2002) (unpublished) ("Because the rule of completeness as codified in Fed. R. Evid. 106 applies only to writings or recorded statements and not to conversations, the rule of completeness is inapplicable to [] oral statement[s]." (citing *Wilkerson*, 84 F.3d at 696)).

Even if the defendant seeks to admit portions of his own recorded statement, the Fourth

---

[1]   For the same reason, the defendant should be precluded from referring to his own, out-of-court statements in any form unless and until he testifies, including during opening statements and cross-examination of government witnesses.

Circuit has explained that the Rule of Completeness does "not render admissible the evidence which is otherwise inadmissible under the hearsay rules." *Wilkerson*, 84 F.3d at 696 (upholding exclusion of defendant-declarant's exculpatory statements during cross-examination of agent who testified as to defendant's inculpatory statements). "Nor does [the Rule of Completeness] require the admission of 'self-serving, exculpatory statements made by a party which are being sought for admission by that same party.'" *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008) (quoting *Wilkerson*, 84 F.3d at 696)). Rather, the Rule allows admission of portions of the defendant's recorded statements only insofar as such admission is necessary to "function[] as a defensive shield against potentially misleading evidence proffered by an opposing party." *United States v. Moussaoui*, 382 F.3d 453, 481 (4th Cir. 2004) (quoting *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001)). Accordingly, if the defendant seeks to use the Rule of Completeness to introduce a portion of his own, recorded, out-of-court statement, but the portion he seeks to introduce "neither explains nor clarifies" a statement introduced by the government, that portion should not be admitted. *Moussaoui*, 382 F.3d at 481 (upholding trial court's exclusion of defendant-declarant's exculpatory statements where the jury was unlikely to have been "confused or misled" by their exclusion). Absent a need to admit some additional portion of a defendant's statement to correct a misleading impression, the defendant's out-of-court statements remain inadmissible hearsay.

Accordingly, the United States may offer portions of the defendant's admissions without opening the door to the introduction of other portions of those statements, either directly, through witness testimony or audio recordings, or on cross-examination, because the statements the United States intends to offer place the defendant's statements in their proper context and require no further explanation or clarification to be fairly understood. The United States thus requests that

the Court prohibit the defendant from eliciting self-serving exculpatory statements from witnesses, including through cross-examination of Government witnesses. If the defendant successfully offers such a statement, however, his credibility then may be challenged "by any evidence which would be admissible for those purposes if the declarant had testified as a witness." Fed. R. Evid. 806 ("When a hearsay statement . . . has been admitted in evidence, the declarant's credibility may be attacked . . . by any evidence that would be admissible for those purposes if the declarant had testified as a witness.").

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court exclude the defendant's own, out-of-court statements offered by him through witnesses other than himself or through cross-examination of government witnesses.

Respectfully Submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By:          /s/
Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia  23219
Phone: 804-819-5400
Fax:    804-771-2316
Email: Thomas.A.Garnett@usdoj.gov

Kathryn E. Gilbert
Trial Attorney
Civil Rights Division

6

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of November, 2019, I electronically filed the

foregoing motion using the Court's CM/ECF system, which will send an electronic notification

of such filing (NEF) to all counsel of record.


_____/s/_____
Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia  23219
Phone: 804-819-5400
Fax:    804-771-2316
Email: Thomas.A.Garnett@usdoj.gov