**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:19CR104-DJN |
| | ) | |
| v. | ) | |
| | ) | |
| CHIKOSI LEGINS, | ) | |
| | ) | |
| *Defendant.* | ) | |

<u>**PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES**</u>

The United States of America, by its representatives, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, Thomas A. Garnett, Assistant United States Attorney for the Eastern District of Virginia, and Kathryn E. Gilbert, Trial Attorney for the Civil Rights Division, Department of Justice, respectfully requests that the following substantive instructions be read to the Jury prior to deliberation.

<u>INSTRUCTIONS</u>

1. Introduction to the Final Charge – Province of the Court and of the Jury.
2. Judging the Evidence.
3. Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted.
4. Direct and Circumstantial Evidence.
5. Inferences from the Evidence.
6. Jury's Recollection Controls.
7. The Question is Not Evidence.
8. Consider Each Count Separately.
9. Burden of Proof – Reasonable Doubt.
10. Objections and Rulings.
11. The Indictment is Not Evidence.
12. "On or about" – Explained.
13. Credibility of Witnesses – Generally.
14. Impeachment of Witness – Convictions.

15.   Number of Witnesses.

16.   Credibility of Witnesses – Inconsistent Statement (*falsus in uno falsus in omnibus*)

17.   Credibility of Witnesses – The Defendant as a Witness.

18.   Effect of the Defendant's Failure to Testify.

19.   Opinion Evidence – The Expert Witness.

20.   "Knowingly" – Defined.

21.   Rule 404(b) Evidence.

22.   Offense Instruction – Count One (18 U.S.C. § 242), Deprivation of Rights Under Color of Law).

23.   Statute Defining the Offense – Count One (18 U.S.C. § 242), Deprivation of Rights Under Color of Law.

24.   Elements of the Offense – Count One (18 U.S.C. § 242), Deprivation of Rights Under Color of Law.

25.   First Element - 18 U.S.C. § 242 – Deprivation of Rights.

26.   Second Element - 18 U.S.C. § 242 – Under Color of Law.

27.   Third Element - 18 U.S.C. § 242 – Willfulness.

28.   Bodily Injury and Aggravated Sexual Abuse and Attempted Aggravated Sexual Abuse – 18 U.S.C. § 242

29.   Offense Instruction – Count Two (18 U.S.C. § 2241(a)), Aggravated Sexual Abuse).

30.   Statute Defining the Offense – Count Two (18 U.S.C. § 2241(a)), Aggravated Sexual Abuse).

31.   Elements of the Offense – Count Two (18 U.S.C. § 2241(a)), Aggravated Sexual Abuse).

32.   Offense Instruction – Counts Three and Four (18 U.S.C. § 2243(b)), Sexual Abuse of a Ward)

33.   Statute Defining the Offense – Counts Three and Four (18 U.S.C. § 2243(b)), Sexual Abuse of a Ward).

34.   Elements of the Offense – Counts Three and Four (18 U.S.C. § 2243(b)), Sexual Abuse of a Ward).

35.   Offense Instruction – Count Five (18 U.S.C. § 1001), False Statements).

36.   Statute Defining the Offense – Count Five (18 U.S.C. § 1001), False Statements).

37.   Elements of the Offense – Count Five (18 U.S.C. § 1001), False Statements).

38.   Definitions for the Offense Charged in Count Five – 18 U.S.C. § 1001.

39.   Attempt.

2

40.    Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court.

41.    Verdict Form.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY


By:    _____/s/_____

Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400
(804) 771-2316 (facsimile)
Email: Thomas.A.Garnett@usdoj.gov


Kathryn E. Gilbert
Trial Attorney
Civil Rights Division
United States Department of Justice

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. J-1

<u>Introduction to the Final Charge – Province of the Court and of the Jury</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.   You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.   If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 12:01 (6th ed. updated August 2019).

5

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. J-2

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.   You are expected to use your good sense in considering and evaluating the evidence in the case.   Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant is proven guilty beyond a reasonable doubt, say so.   If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 12:02 (6th ed. updated August 2019).

6

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-3

<u>Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted</u>

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you should accept the stipulation as evidence and should regard that fact as proved.

The Court has taken judicial notice of certain facts or events.   When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.   You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.   In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.   In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.   You are permitted

7

to draw from the facts which you find have been proved such reasonable inferences as you feel

are justified in the light of your experience and common sense.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 12:03 (6th ed. updated August 2019), modified in part, to correct misstatements in publication that the jury is "**not required to**" accept a stipulation or agreement as to the existence of a fact, or judicial notice of certain facts or events, as evidence; *see also* 1 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 5-6 (2001) (Stipulation of Facts); *United States v. Muse*, 83 F.3d 672, 680 (4th Cir. 1996).

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. J-4

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence.   Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.   Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.   The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 12:04 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. J-5

<u>Inferences from the Evidence</u>

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

---

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 12:05 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-6

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 12:07 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-7

<u>The Question is Not Evidence</u>

The questions asked by a lawyer for either party to this case are not evidence.   If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.   Only the answers are evidence.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 12:08 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-8

<u>Consider Each Count Separately</u>

A separate crime is charged in each count of the indictment.    Each charge, and the evidence pertaining to it, should be considered separately by the jury.    The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12.12 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-9

<u>Burden of Proof and Reasonable Doubt</u>

I instruct you that you must presume the defendant to be innocent of the crimes charged.
Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean
slate" – with no evidence against him.   The indictment, as you already know, is not evidence of
any kind.   The law permits nothing but legal evidence presented before the jury in court to be
considered in support of any charge against the defendant.   The presumption of innocence alone,
therefore, is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable
doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the
case.

It is not required that the Government prove guilt beyond all possible doubt.   The test is
one of reasonable doubt.   The jury will remember that a defendant is never to be convicted on
mere suspicion or conjecture.   The burden of proof is upon the prosecution to prove guilt
beyond a reasonable doubt.   This burden never shifts to a defendant; for the law never imposes
upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any
evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has
a reasonable doubt that the defendant is guilty of the charge, it must acquit.

14

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 12:10 (6th ed., updated August 2019); *United States v. Walton*, 207 F.3d 694, 693-99 (4th Cir. 2000); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998); *United States v. Patterson*, 150 F.3d 382, 389 (4th Cir. 1998), *cert. denied*, 525 U.S. 1086 (1999); *United States v. Abbas*, 74 F.3d 506, 514 (4th Cir. 1996); *United States v. Oriakhi*, 57 F.3d 1290, 1300 (4th Cir. 1995); *United States v. Reives*, 15 F.3d 42, 45 (4th Cir. 1994); *United States v. Adkins*, 937 F.2d 947, 950 (4th Cir. 1991).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-10

<u>Objections and Rulings</u>

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards.   It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.   Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.   I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 11:03 (6th ed. updated August 2019).

16

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. J-11

<u>The Indictment is Not Evidence</u>

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant.   The defendant is presumed to be innocent of the crime charged.   Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 13:04 (6th ed. updated August 2019).

17

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. J-12

<u>"On or About"--Explained</u>

The indictment charges that the offenses alleged in the indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 13:05 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. J-13

<u>Credibility of Witnesses - Generally</u>

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.   After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.   Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.   Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not cause you to disbelieve or discredit such testimony.   Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience.   In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent

error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 15:01 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-14

<u>Impeachment by Prior Conviction</u>

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony.   You may not consider it for any other purpose.

*Fed. Crim. Jury Instr.* Seventh Circuit § 3.06 (2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-15

<u>Number of Witnesses</u>

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

*Fed. Crim. Jury Instr.* Seventh Circuit § 2.04 (2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-16

<u>Credibility of Witnesses – Inconsistent Statement *(falsus in uno falsus in omnibus*)</u>

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

1A O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* § 15:06 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-17

<u>Credibility of Witnesses - The Defendant as a Witness</u>

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness in this case.

1A O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* § 15:12 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-18

<u>Effect of the Defendant's Failure to Testify</u>

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.   No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* § 15:14 (6th ed. updated August 2019).

25

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-19

<u>Opinion Evidence – The Expert Witness</u>

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.   An exception to this rule exists as to those witnesses who are described as "expert witnesses."   An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.   If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.   You should consider the testimony of expert witnesses just as you consider other evidence in this case.   If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 14:01 (6th ed. updated August 2019).

26

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-20

<u>"Knowingly" - Defined</u>

The term "knowingly," as used in the Indictment and in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:04 (6th ed. updated August 2019).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-21

<u>Rule 404(b) Evidence</u>

Evidence that an act was done or that an offense was committed by the defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offenses charged in this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether the defendant actually performed the physical acts charged in this indictment.   Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that the defendant physically did the acts charged in the indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that the defendant did the acts or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which the defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the indictment.   Nor may a defendant be convicted of the crimes charged even if you were to find that he committed other crimes – even crimes similar to the one charged in this indictment.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 17:08 (6th ed. updated August 2019).

28

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-22

Offense Instruction – Count One
(Deprivation of Rights Under Color of Law)

Count One of the Indictment charges that on or about May 10, 2018, in the Eastern

District of Virginia, the defendant, CHIKOSI LEGINS, while acting under color of law, used his

penis to penetrate B.L.'s mouth and anus against B.L.'s will, thereby willfully depriving B.L. of

the right, secured and protected by the Constitution and laws of the United States, not to be

subjected to cruel and unusual punishment.   This act included aggravated sexual abuse and

attempted aggravated sexual abuse and resulted in bodily injury to B.L., in violation of Title 18,

United States Code, Section 242.

29

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-23

<u>Statute Defining the Offense – Count One</u>
(Deprivation of Rights Under Color of Law)

Section 242 of Title 18 of the United States Code provides, in part, that:

Whoever, under color of any law . . .   willfully subjects any person in any State . . . to the deprivation of any rights . . . secured or protected by the Constitution or laws of the United States …

Shall be guilty of an offense against the United States.

18 U.S.C. § 242; 2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 29:02 (6th ed. updated August 2019) (modified).

30

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-24

<u>Elements of the Offense – Count One</u>
(Deprivation of Rights Under Color of Law)

In order to sustain its burden of proof for the crime charged in Count One of the

Indictment, the government must prove the following essential elements beyond a reasonable

doubt:

First:        The defendant deprived B.L. of a right which is secured or protected by the
              Constitution or laws of the United States;

Second:       The defendant acted under color of law when depriving B.L. of a constitutional
              right; and

Third:        The defendant acted willfully to deprive B.L. of such right.

I will now instruct you on the meaning of those three elements.

18 U.S.C. § 242; 2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*
§ 29:03 (6th ed. updated August 2019) (modified); *United States v. Lanier,* 520 U.S. 259, 264
(1997) ("Section 242 is a Reconstruction Era civil rights statute making it criminal to act (1)
"willfully" and (2) under color of law (3) to deprive a person of rights protected by the Constitution
or laws of the United States."); *United States v. Cowden*, 882 F. 3d 464, 474 (4th Cir. 2018) ("To
obtain a conviction for deprivation of rights under color of law in violation of 18 U.S.C. § 242, the
government must show that the defendant (1) willfully (2) deprived another individual of a
constitutional right (3) while acting under color of law.").

31

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-25

<u>First Element of the Offense Charged in Count One – 18 U.S.C. § 242 – Deprivation of Rights</u>

The first element the government must prove is that the conduct of the defendant deprived B.L. of a right secured and protected by the Constitution or laws of the United States.

The Indictment charges that the defendant deprived B.L. of the right not to be subjected to cruel and unusual punishment, and that he did so by using his penis to penetrate B.L.'s mouth and anus against B.L.'s will.   The Court instructs you that the right to be free from cruel and unusual punishment is a right secured and protected by the Constitution and the laws of the United States.

Sexual abuse of a prison inmate by a correctional officer is cruel and unusual punishment, and therefore violates the Constitution.   Sexual abuse includes engaging in a sexual act with an inmate without the inmate's consent.   To determine whether this element has been proved, you must determine if the defendant committed the sexual acts described in Count One of the Indictment, and, if so, you must determine if he acted without the inmate's consent. The United States bears the burden of proving a lack of consent; it is not the defendant's burden to prove the existence of consent.

First, you must determine if the defendant penetrated B.L.'s mouth or anus with his penis, however slightly.   You need not find that the defendant penetrated *both* the mouth and the anus of B.L.; rather, you need only find that he penetrated either B.L.'s mouth *or* B.L.'s anus.   If you determine that the defendant engaged in this conduct, you must then determine whether he did so without B.L.'s consent.

32

In determining whether or not B.L. consented to the sexual act, you may consider all evidence relating to the context in which the alleged act occurred, including, among other things, whether the defendant used physical force; the kind of relationship that existed between the defendant and B.L., including the extent to which the defendant had power over B.L.; any disparity in size between the defendant and B.L.; anything that the defendant said or did before, during, or after the sexual act, including whether the defendant gave any verbal commands; and any comments that B.L. made before, during, or after the sexual act.

If you find that B.L. agreed to a sexual act but did so because of threats, coercion, or duress, then B.L. did not consent to the sex act.

18 U.S.C. § 242; 18 U.S.C. § 2246(2) (defining "sexual act" for purposes of Chapter 109A of United States Code (Sexual Abuse) to include penetration, "however slight," of anus or mouth by penis); 2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 29:07 (6th ed. updated August 2019) (modified to reflect committee's guidance that "further definition of the right in question may be required"); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal alterations); *Smith v. Cochran*, 339 F.3d 1205, 1212–13 (10th Cir. 2003) ("In cases of sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm.   Sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society.") (citations omitted); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (recognizing as well-established "the Eighth Amendment right of prisoners to be free from sexual abuse"); *United States v. Webb*, 214 F.3d 962, 966 (8th Cir. 2000) (noting "the disparity in size between [the defendant] and [the victim], and . . . the coercive power, physical and psychological, that [the defendant] may have possessed by virtue of that disparity in size and by virtue of the office he held" in sexual assault case); *United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998) (noting that disparity in size and coercive power may be used to establish that force was used during sexual assault by law enforcement officer)*; United States v. Bordeaux*, 997 F.2d 419, 421 (8th Cir. 1993) (noting that verbal comments may, in context of size disparity and other factors, "coerce or compel" submission in sexual assault)*; Morton v. Johnson*, No. 7:13CV00496, 2015 WL 4470104, at *6 (W.D. Va. July 21, 2015) ("Criminal sexual battery is neither a legitimate part of [an inmate's] punishment nor compatible with contemporary standards of decency.")*; Walker v. Durham*, No. 5:12-CT-3186-BO, 2014 WL 4728719, at *6 (E.D.N.C. Sept. 23, 2014) ("Sexual . . . assault of an inmate by a correctional officer violates the Eighth Amendment.   Such behavior has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society.")*; Carr v. Hazelwood*, No. CIV.A. 7:07CV00001, 2007 WL 4410694, at *3 (W.D. Va. Dec. 14, 2007) ("In cases of sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm.") (internal quotation marks omitted).

34

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-26

<u>Second Element of the Offense Charged in Count One – 18 U.S.C. § 242 –Under Color of Law</u>

The second element the government must prove is that the defendant acted under color of law.   The phrase "under color of any law" means the real or purported use of authority provided by law.   A person acts "under color of any law" when that person acts in his official capacity or claims to act in his official capacity.

Acts committed "under color of any law" include not only the actions of federal officials within the limits of their lawful authority, but also the actions of federal officials who exceed the limits of their lawful authority while purporting or claiming to act in performance of their official duties.   In other words, 'color of law' includes misuse of lawful authority.

If you find that the defendant was a correctional officer with the Bureau of Prisons and that he acted or gave the appearance of acting as a correctional officer at the time of the charged incident, then you may find that he acted under color of law.

18 U.S.C. § 242; 2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 29:04 (6th ed. updated August 2019) (modified to capture that this element applies to acts by federal officials); *West v. Atkins*, 487 U.S. 42, 49–50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State.  Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (citation omitted); *Screws v. United States*, 325 U.S. 91, 108, 111 (1945) ("He who acts under 'color' of law may be a federal officer or a state officer . . . .   It is clear that under 'color' of law means under 'pretense' of law . . . .   Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."); *United States v. Classic*, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."); *Davison v. Randall*, 912 F.3d 666, 679–80 (4th Cir. 2019), *as amended* (Jan. 9, 2019) ("The traditional definition of acting under color of state law requires that the defendant . . . have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . [such as] when the defendant's challenged actions are linked to events which arose out of his official status." ) (citations and internal quotation marks omitted); *Jennings v. University of North Carolina*, 482 F.3d 686, 701 (4th Cir. 2007) ("State employment is generally sufficient to render the defendant a state actor, and a defendant necessarily acts under color of state law when he abuses the position given to him by the State.") (internal quotation marks omitted); *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989) ("[A]ny action purportedly taken pursuant to [official] authority would be under color of state law whether the deputies hew to the line of their authority or overstep it.") (internal quotation marks omitted).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-27

<u>Third Element of the Offense Charged in Count One – 18 U.S.C. § 242 – Willfulness</u>

The third element that the government must prove is that the defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids.  In this case, the government must prove that the defendant intended to deprive B.L. of the right to be free from cruel and unusual punishment, which includes the right to be free from sexual abuse by a correctional officer.

Although the government must prove beyond a reasonable doubt that the defendant voluntarily and deliberately did an act that deprived the person identified in the indictment of a right guaranteed and protected by the Constitution, it is not necessary for the government to prove that the defendant knew that this action would actually violate anyone's constitutional rights.  You must, however, find that the defendant acted with the bad purpose of doing what the Constitution forbids.

Willfulness may be proved through circumstantial evidence.  You may infer the defendant's state of mind from all of the surrounding circumstances.  In determining whether the defendant acted willfully, you may consider any facts or circumstances you deem relevant, including what the defendant said; what the defendant did or failed to do; how the defendant acted; and whether the defendant knew, through policies, training, or experience, that his actions were unlawful.

If you find that the government has proved these three elements beyond a reasonable doubt, then you should find the defendant guilty of Count One.  If you find that the government has not

37

met its burden to prove all three elements beyond a reasonable doubt, you should find the defendant

not guilty of Count One.

18 U.S.C. § 242; 2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 29:05 (6th ed. updated August 2019) (modified); *Williams v. United States,* 341 U.S. 97, 102 n.1 (1951) (reciting with approval the trial court's instructions that the jury was "entitled to consider all the attendant circumstances: the malice, if any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out.   All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights . . . ."); *Screws v. United States*, 325 U.S. 91, 106 (1945) ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution.   When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees."); *United States v. Cowden*, 882 F.3d 464, 474 (4th Cir. 2018) ("To satisfy the element of 'willful' conduct, the government must prove that the defendant acted with the particular purpose of violating a protected right made definite by the rule of law or recklessly disregarded the risk that he would do so.   Willfulness may be shown by circumstantial evidence, provided that the defendant's purpose reasonably may be inferred from all the connected circumstances."); *id.* (analyzing circumstantial evidence including what the defendant said; what the defendant did; how the defendant acted; and whether other officers believed the defendant's actions were justified or reasonable.) (internal alterations); *United States v. McRae,* 795 F.3d 471, 479 (5th Cir. 2015) ("Section 242 has a willful mental state requirement, which means that the prohibited act must have been done voluntarily and intentionally and with the specific intent to do something the law forbids."); *United States v. Mohr*, 318 F.3d 613, 618–19 (4th Cir. 2003) ("[W]illfully [means] with the particular purpose of violating a protected right made definite by the rule of law or recklessly disregarding the risk that []he would do so.") (internal quotation marks omitted); *United States v. Bradley*, 196 F.3d 762, 770 (7th Cir. 1999) ("Willfulness under § 242 essentially requires that the defendant intend to commit the unconstitutional act without necessarily intending to do that act for the specific purpose of depriving another of a constitutional right.   In other words, to act 'willfully' in the § 242 sense, the defendant must intend to commit an act that results in the deprivation of an established constitutional right as a reasonable person would have understood that right."); *United States v. Johnstone*, 107 F.3d 200, 210 (3d Cir. 1997) (upholding jury instruction that "[y]ou may find that a defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved . . . provided that you find that the defendant intended to accomplish that which the constitution forbids."); *United States v. Dise*, 763 F.2d 586, 591 (3d Cir. 1985) (approving jury instruction that "[t]he Government need not prove that the deprivation of the constitutional rights was the predominant purpose of the defendant's actions.").

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-28

<u>Bodily Injury and Aggravated Sexual Abuse and Attempted Aggravated Sexual Abuse
– 18 U.S.C. § 242</u>

If you find the defendant guilty as charged in Count One of the Indictment, you must then additionally determine whether the government has proven that the defendant's acts as charged in Count One resulted in bodily injury to B.L. and/or included aggravated sexual abuse or attempted aggravated sexual abuse.  The additional two findings should be considered separately.  If you find the defendant not guilty as charged in Count One of the Indictment, however, you need not consider Questions 1a and 1b on the Verdict Form.

The term "bodily injury" includes any of the following: a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.   Physical pain, no matter how fleeting, satisfies this element.

The term "aggravated sexual abuse" means knowingly causing another person to engage in a sexual act by using force against that person.

 The term "knowingly" means that the defendant was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

The term "force" includes physical force sufficient to overcome, restrain, or injure another.

The term "sexual act" means penetration, however slight, of the anus by the penis; contact

39

between the mouth and the penis, or the mouth and the anus; and the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

If you find from your consideration of all the evidence that the defendant's acts resulted in bodily injury to B.L., then you may check the corresponding box for "Yes" on the verdict form. If you find from your consideration of all the evidence that the defendant's acts included aggravated sexual abuse or attempted aggravated sexual abuse, then you may check the corresponding box for "Yes" on the verdict form.

If, on the other hand, you find from your consideration of all the evidence that the defendant's acts did not result in bodily injury to B.L., then you should check the corresponding box for "No" on the verdict form.   If you find from your consideration of all the evidence that the defendant's acts did not include aggravated sexual abuse or attempted aggravated sexual abuse, then you should check the corresponding box for "No" on the verdict form.

18 U.S.C. § 242; Seventh Circuit Pattern Criminal Jury Instructions 18 U.S.C. § 242 (modified); 2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 17:04 (6th ed. updated August 2019) ("Knowingly"—Defined) (modified); 18 U.S.C. §§ 831(f)(5) (defining "bodily injury" to mean "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ or mental faculty; or (E) any other injury to the body, no matter how temporary"), 1365(h)(4) (same), 1515(a)(5) (same), 1864(d)(2) (same); 18 U.S.C. §§ 2241(a) (defining aggravated sexual abuse), 2246(2) (defining sexual act); *United States v. Perkins*, 470 F.3d 150, 161 (4th Cir. 2006) (following other federal statutes in defining "bodily injury" under 18 U.S.C. § 242 as "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary" and noting that "physical pain alone or any injury to the body, no matter how fleeting, suffices"); *United States v. Buckley*, 195 F.3d 1034, 1035 (8th Cir. 1999) ("The element of force may be established . . . by showing that the defendant used physical force sufficient to overcome, restrain, or injure the victim."); *United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998) ("A defendant uses force within the meaning of § 2241 when he employs restraint sufficient to prevent the victim from escaping the sexual conduct.").

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-29

<u>Offense Instruction – Count Two</u>
(Aggravated Sexual Abuse)

Count Two of the Indictment charges that on or about May 10, 2018, in the Eastern District of Virginia, the defendant, CHIKOSI LEGINS, while in a Federal prison, knowingly caused B.L. to engage in a sexual act by using force against B.L. and attempted to do so; specifically, the defendant, CHIKOSI LEGINS pushed, hit, restrained, and overcame B.L. and the defendant used his penis to penetrate B.L.'s mouth and anus, in violation of Title 18, United States Code, Section 2241(a).

41

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-30

<u>Statute Defining the Offense – Count Two</u>
(Aggravated Sexual Abuse)

Section 2241(a) of Title 18 of the United States Code provides, in part, that:

Whoever . . . in a Federal prison . . . knowingly causes another person to engage in a sexual act . . . by using force against that other person . . . or attempts to do so

shall be guilty of an offense against the United States.

18 U.S.C. § 2241(a).

42

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-31

Elements of the Offense – Count Two
(Aggravated Sexual Abuse)

Count Two of the Indictment charges the defendant with aggravated sexual abuse and

attempted aggravated sexual abuse in violation of Section 2241(a) of Title 18 of the United

States Code.   In order to sustain its burden of proof for the crime of aggravated sexual abuse and

attempted aggravated sexual abuse as charged in Count Two of the Indictment, the government

must prove the following two essential elements beyond a reasonable doubt:

First:          The defendant knowingly caused B.L. to engage in a sexual act by using force
                against B.L., or attempted to knowingly engage in a sexual act with B.L. by using
                force against B.L.; and

Second:         The offense was committed at a Federal Prison.

The term "knowingly" means that the defendant was conscious and aware of his action,

realized what he was doing or what was happening around him, and did not act because of

ignorance, mistake, or accident.

The term "force" includes physical force sufficient to overcome, restrain, or injure

another.   Here, the indictment alleges that the defendant used force by pushing, hitting,

restraining, or overcoming B.L.

The term "sexual act" means penetration, however slight, of the anus by the penis;

contact between the mouth and the penis, or the mouth and the anus; and the penetration,

however slight, of the anal or genital opening of another by a hand or finger or by any object,

with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any

43

person.   Here, the indictment alleges that the sex act committed by the defendant was to penetrate B.L's mouth or anus with his penis.

If you find that the defendant pushed, hit, restrained, or overcame B.L. to penetrate B.L.'s mouth or anus with the defendant's penis, or if you find that he attempted to do so, you may find that the first element has been met.

18 U.S.C. § 2241(a); Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 2241 (modified); 2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 17:04 (6th ed. updated August 2019) ("Knowingly"—Defined) (modified); 18 U.S.C § 2246(2) (defining sexual act); *United States v. Dickerson*, 27 F. App'x 236, 245 (4th Cir. 2001) ("[A]lthough an indictment may charge that a defendant committed an offense in a number of different ways, the jury need find that the defendant committed the offense in only one of the listed ways."); *United States v. Buckley*, 195 F.3d 1034, 1035 (8th Cir. 1999) ("The element of force may be established . . . by showing that the defendant used physical force sufficient to overcome, restrain, or injure the victim."); *United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998) ("A defendant uses force within the meaning of § 2241 when he employs restraint sufficient to prevent the victim from escaping the sexual conduct.").

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-32

<u>Offense Instruction – Counts Three and Four</u>
(Sexual Abuse of a Ward)

Count Three of the Indictment charges that on or about May 10, 2018, in the Eastern

District of Virginia, the defendant, CHIKOSI LEGINS, while in a Federal prison, knowingly

engaged in a sexual act and attempted to do so with B.L., a person who was in official detention

and under the custodial, supervisory, and disciplinary authority of the defendant: specifically,

Correctional Officer CHIKOSI LEGINS used his penis to penetrate inmate B.L.'s mouth and

anus while in the Federal Correctional Institution, Petersburg, in violation of Title 18, United

States Code, Section 2243(b).


Count Four of the Indictment charges that on or about March 16, 2018, in the Eastern

District of Virginia, the defendant, CHIKOSI LEGINS, while in a Federal prison, knowingly

engaged in a sexual act and attempted to do so with B.L., a person who was in official detention

and under the custodial, supervisory, and disciplinary authority of the defendant: specifically,

Correctional Officer CHIKOSI LEGINS used his penis to penetrate inmate B.L.'s mouth while

in the Federal Correctional Institution, Petersburg, in violation of Title 18, United States Code,

Section 2243(b).

45

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-33

Statute Defining the Offense – Counts Three and Four
(Sexual Abuse of a Ward)

Section 2243(b) of Title 18 of the United States Code provides, in part, that:

Whoever . . . in a Federal prison . . . knowingly engages in a sexual act with another person who is (1) in official detention; and (2) under the custodial, supervisory, or disciplinary authority of the person so engaging; or attempts to do so . . .

shall be guilty of an offense against the United States.

18 U.S.C. § 2243(b).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-34

<u>Elements of the Offense – Counts Three and Four</u>
(Sexual Abuse of a Ward)

Counts Three and Four of the Indictment charge the defendant with sexual abuse of a ward and attempted sexual abuse of a ward.   In order to sustain its burden of proof for the crime of sexual abuse of a ward and attempted sexual abuse of a ward as charged in Counts Three and Four of the Indictment, the government must prove the following three essential elements beyond a reasonable doubt:

First:          The defendant knowingly engaged in a sexual act with B.L., or attempted to knowingly engage in a sexual act with B.L.;

Second:        At the time, B.L. was in official detention at the Federal Correctional Institution at Petersburg; and

Third:          At the time, B.L. was under the custodial, supervisory or disciplinary authority of the defendant.

The term "knowingly" means that the defendant was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

The term "sexual act" means penetration, however slight, of the anus by the penis; contact between the mouth and the penis, or the mouth and the anus; and the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

47

The term "official detention" means detention by a Federal officer or employee, or under the direction of a Federal officer or employee, following a charge or conviction of an offense.

If you find that on or about May 10, 2018, while B.L. was officially detained at the Federal Correctional Institution at Petersburg and under the defendant's authority, the defendant used his penis to penetrate B.L's mouth or anus, or attempted to do so, you may find him guilty of the offense charged in Count Three.   If you find that on or about March 16, 2018, while B.L. was officially detained at the Federal Correctional Institution at Petersburg, the defendant used his penis to penetrate B.L.'s mouth, or attempted to do so, you may find him guilty of the offense charged in Count Four.

18 U.S.C. § 2243(b); 18 U.S.C.A. § 2246(2) (defining sexual act), (5) (defining official detention); Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 2243(b)(1) (modified); 2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 17:04 (6th ed. updated August 2019 ) ("Knowingly"—Defined) (modified); *United States v. Solorzano*, No. CRIM. 06-922JBS, 2008 WL 5451040, at *4 (D.N.J. Dec. 30, 2008) ("[I]f Defendant was delegated power over the oversight or the confinement and/or restraint of [inmate-victims] at the time he engaged in sexual activity with these inmates, then his conduct fell squarely within the plain language of section 2243(b).").

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-35

Offense Instruction – Count Five
(False Statements)

Count Five of the Indictment charges as follows: that on or about June 5, 2018, in the
Eastern District of Virginia, the defendant, CHIKOSI LEGINS, knowingly and willfully made
false, fictitious, and fraudulent statements and representations to Special Agents of the Federal
Bureau of Investigation (FBI) and the Department of Justice (DOJ) Office of the Inspector
General as to material facts in relation [to] a matter within the jurisdiction of the FBI and DOJ,
agencies of the United States.   Specifically, the defendant, CHIKOSI LEGINS: (1) falsely
denied that he engaged in a sexual act with any inmate at any time at Federal Correctional
Institution, Petersburg; and (2) falsely stated that on May 10, 2018, he attempted to use a
computer and printer while he was engaged in "just conversation" with inmate B.L. when they
were alone in an unattended office with no surveillance cameras.   Those statements and
representations by CHIKOSI LEGINS were false, because as CHIKOSI LEGINS then well
knew, he had engaged in a sexual act with an inmate at Federal Correctional Institution,
Petersburg; and on May 10, 2018, the defendant used an unattended office with no surveillance
cameras to engage in a sexual act with B.L, in violation of Title 18, United States Code, Section
1001.

49

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-36

<u>Statute Defining the Offense – Count Five</u>
(False Statements)

Section 1001(a)(2) of Title 18 of the United States Code provides, in part, that:

Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States knowingly and willfully . . . makes any materially false, fictitious or fraudulent statements or representation . . .

shall be guilty of an offense against the United States.

18 U.S.C. § 1001; 2A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 40:06 (6th ed. updated August 2019) (modified).

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-37

Elements of the Offense – Count Five
(False Statements)

In order to sustain its burden of proof for the crime of knowingly and willfully making a false statement to the United States government as charged in Count Five of the Indictment, the government must prove the following four essential elements beyond a reasonable doubt:

First:       The defendant made a false, fictitious, or fraudulent statement or representation to the government as detailed in Count Five of the Indictment;

Second:   In making the false, fictitious, or fraudulent statement, the defendant acted willfully, knowing that the statement was false;

Third:      The statement was made in a matter within the jurisdiction of the executive branch of the government of the United States; and

Fourth:    The statement made by the defendant was material to the Federal Bureau of Investigation and/or Office of the Inspector General.

This count alleges a number of false or fraudulent statements.   The government is not required to prove that all of the statements that are alleged in Count Five of the Indictment as false are, in fact, false.   Each juror must agree with each of the other jurors, however, that the same false, fictitious, or fraudulent statement or representation alleged in Count Five is, in fact, false, fictitious, or fraudulent.   The jury need not unanimously agree on each such statement alleged, but, in order to convict, must unanimously agree upon at least one such statement as false, fictitious or fraudulent when knowingly made or used by the defendant.

Unless the government has proven the same false or fraudulent statement to each of you, beyond a reasonable doubt, you must acquit the defendant of the charge in Count Five of the

Indictment.

18 U.S.C. § 1001; 2A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* §§ 40:07 (statute), 40:15 (unanimity) (6th ed. updated August 2019) (modified); *United States v. Hamilton*, 699 F.3d 356, 362 (4th Cir. 2012) ("To obtain a conviction under [§ 1001], the government must prove that: (1) the defendant made a false statement in a matter involving a governmental agency; (2) the defendant acted knowingly or willfully; and (3) the false statement was material to a matter within the jurisdiction of the agency.").

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-38

Definitions for the Offense Charged in Count Five
(False Statements)

A false or fictitious statement or representation is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue.   A fraudulent statement or representation is an assertion which is known to be untrue and which is made or used with the intent to deceive.

A "material" statement is one that has the natural tendency to influence a governmental action or is capable of influencing a governmental action.   It is not necessary for the United States to prove that the statements here charged actually did influence a governmental action.

A person acts "willfully," as that term is used in Count Five, when that person acts deliberately, voluntarily, and intentionally and with the knowledge that the conduct is unlawful. A person who makes, submits, or uses a statement or writing which that person believes to be truthful does not "knowingly" make, submit, or use a false, fictitious, or fraudulent statement.

A matter is "within the jurisdiction of the executive branch of the United States government" if the Federal Bureau of Investigation and/or the Department of Justice, Office of the Inspector General has the power to exercise authority in that matter.   It is not necessary, however, that the government prove that the defendant knew that the matter was within the jurisdiction of the United States government.

53

18 U.S.C. § 1001; 2A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* §§ 40:08 (false, fictitious, or fraudulent statement), 40:13 (knowingly, modified), 40:14 (willfully, modified) (6th ed. updated August 2019); Sixth Circuit Pattern Criminal Jury Instructions 13.02 (2017 ed.) (jurisdiction); *Bryan v. United States*, 524 U.S. 184, 191–92 (1998) ("As a general matter, when used in the criminal context, a willful act is one undertaken with a 'bad purpose.'   In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.") (internal quotations and references omitted); *United States v. Yermian*, 468 U.S. 63, 75 (1984) (holding that "proof of actual knowledge of federal agency jurisdiction is not required under [18 U.S.C.] § 1001"); *United States v. Rodgers*, 466 U.S. 475, 477 (1984) (false statements made to the FBI during the course of a criminal investigation may be prosecuted under 18 U.S.C. § 1001); *United States v. Garcia-Ochoa*, 607 F.3d 371, 375 (4th Cir. 2010) ("The test of materiality is whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action.") (internal quotation marks omitted); *United States v. Hassouneh*, 199 F.3d 175, 183 (4th Cir. 2000) (upholding instruction in 18 U.S.C. § 1001 case defining "willfully" as "deliberately and intentionally, as contrasted with being made accidentally, carelessly or unintentional.") (citing *United States v. Daughtry*, 48 F.3d 829, 831–32 (4th Cir.), *vacated on other grounds*, 516 U.S. 984 (1995); *United States v. Stover*, 499 F. App'x 267, 273 (4th Cir. 2012) (finding no error in the above materiality instruction because it accurately reflected the *Garcia-Ochoa* standard and noting that "[t]he materiality analysis by the fact finder asks whether the statements could have impacted the actions of a federal agency, not whether defendant knew of an agency's involvement or knew of the materiality of his statement to such agency.") (citing *United States v. Oceanpro Ins., Ltd.*, 674 F.3d 323, 329 (4th Cir. 2012)); *United States v. Jackson*, 608 F.3d 193, 196–97 (4th Cir. 2010) ("[T]he term 'jurisdiction' should not be given a narrow or technical meaning for purposes of § 1001.   The term refers to the department's or agency's power to exercise authority in a particular situation, and that power need not include the power to make final or binding determinations.) (citations and internal quotation marks omitted); *United States v. Sarihifard*, 155 F.3d 301, 307 (4th Cir. 1998) ("It is well established law in this Circuit that a finding of materiality is not dependent upon whether the fact finder was actually influenced by a defendant's false statements.").

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-39

<u>Attempt</u>

In Counts Two, Three, and Four of the Indictment, the defendant is charged with committing crimes or attempting to commit crimes.   In order to sustain its burden of proof for these counts, the government must prove either that the defendant committed these crimes or that he attempted to commit these crimes.   To prove that the defendant attempted to commit these crimes, the government must prove the following two essential elements beyond a reasonable doubt as to each count:

> First:   The defendant intended to commit the crime described in the count; and
>
> Second:   Thereafter, the defendant did an act constituting a substantial step towards the commission of that crime.

A defendant may be found guilty of attempting to commit a federal crime even though no one actually did all of the acts necessary in order to commit that crime.   A defendant may not be found guilty of attempting to commit any crime, however, merely by thinking about it or even by making some plans or some preparation for the commission of a crime.

The difference between conduct which violates the law and conduct which does not violate the law, in this regard, is what is referred to as "a substantial step" towards the commission of a crime.   In determining whether or not the defendant took "a substantial step" towards the commission of a crime, you must consider all of the evidence admitted in the case concerning that defendant and the alleged commission of that crime.

55

In order to find the defendant guilty of committing the crime of attempted aggravated sexual abuse, as in Count Two, or the crime of attempted sexual abuse of a ward, as in Counts Three and Four, the government must prove beyond a reasonable doubt that the mental processes of the defendant passed from the stage of thinking about the crime of to actually intending to commit that crime and that the physical process of the defendant went beyond and passed from the stage of mere preparation to some firm, clear, and undeniable action to accomplish that intent.

2 O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* §§ 21:03 (essential elements, modified), 21:04 (substantial step, modified) (6th ed. updated August 2019); *United States v. Neal*, 78 F.3d 901, 906 (4th Cir. 1996) ("[A] defendant can be convicted of an attempt only if the government proves beyond a reasonable doubt (1) culpable intent to commit the crime charged and (2) a substantial step towards the completion of the crime that strongly corroborates that intent.").

PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

INSTRUCTION NO. J-40

Verdict – Election of Foreperson – Duty to Deliberate – Unanimity –
 Punishment – Form of Verdict – Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.   Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.   Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.   You are judges—judges of the facts of this case.   Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.   Nothing you have seen or read outside of court may be considered.   Nothing that I have said or done during

the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.   Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.   What the verdict shall be is the exclusive duty and responsibility of the jury.   As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form for the verdicts has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.   No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the Government has sustained its burden of proof until after you have reached a unanimous verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 20.01 (6th ed., updated August 2018).

59

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.   3:19CR104-DJN |
| | ) | |
| v. | ) | |
| | ) | |
| CHIKOSI LEGINS, | ) | |
| | ) | |
| *Defendant*. | ) | |

## <u>JOINT - VERDICT FORM</u>

### <u>COUNT ONE</u>
(Deprivation of Rights Under Color of Law)

We the jury, unanimously find the defendant, CHIKOSI LEGINS,

_____ as charged in Count One of the Indictment.
(Guilty or Not Guilty)


If you find the defendant, CHIKOSI LEGINS, guilty of Count One, you must make the

following additional findings:


**1a.**     Did the defendant's conduct include aggravated sexual abuse or attempted

aggravated sexual abuse?


Yes     _____          No   _____


**1b.**     Did the defendant's conduct result in Bodily Injury?


Yes     _____          No   _____

60

**COUNT TWO**
(Aggravated Sexual Abuse)

We the jury, unanimously find the defendant, CHIKOSI LEGINS,

_____ as charged in Count Two of the Indictment.
(Guilty or Not Guilty)


**COUNT THREE**
(Sexual Abuse of a Ward)

We the jury, unanimously find the defendant, CHIKOSI LEGINS,

_____ as charged in Count Three of the Indictment.
(Guilty or Not Guilty)


**COUNT FOUR**
(Sexual Abuse of a Ward)

We the jury, unanimously find the defendant, CHIKOSI LEGINS,

_____ as charged in Count Four of the Indictment.
(Guilty or Not Guilty)


**COUNT FIVE**
(False Statement)

We the jury, unanimously find the defendant, CHIKOSI LEGINS,

_____ as charged in Count Five of the Indictment.
(Guilty or Not Guilty)


So, Say We All, this _____ day of February 2019.

_____
FOREREPERSON

61

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

> Charles Arthur Gavin
> Cawthorne Deskevich & Gavin PC
> 1409 Eastridge Road
> Richmond, VA 23229
> 804-288-7999
> Fax: 804-327-5795
> Email: c.gavin@cawthorn.net

By:      /s/
> Thomas A. Garnett
> Assistant United States Attorney
> Virginia Bar No. 86054
> United States Attorneys Office
> 919 East Main Street, Suite 1900
> Richmond, Virginia 23219
> (804) 819-5400
> (804) 771-2316 (facsimile)
> Email: Thomas.A.Garnett@usdoj.gov
>
> Kathryn E. Gilbert
> Trial Attorney
> Civil Rights Division
> United States Department of Justice

62