IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,　　　　　　　　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　Criminal No.: 3:19CR104

CHIKOSI LEGINS,　　　　　　　　　　　　　　　　　　　　　　Defendant.

## **DEFENDANT'S TRIAL BRIEF**

Comes now your defendant, Chikoski Legins, by counsel, and submits his Trial Brief in accordance with the court's Order entered November 7, 2019.

RESPONSE TO GOVERNMENT'S BRIEF

The defendant agrees with the Procedural Background set forth by the government in its Trial Brief. Many of the factual assertions set forth in the Factual Background in the government's Brief will, indeed, be established. Other factors are subject to dispute. There are some interesting twists to the government's evidence in that:

1. There is a witness who will be subpoeaned who will testify, in accordance with his statement previously given to the United States, that the victim had asked for the witness' help in investigating lawsuits pursued and settled for monetary consideration on the internet, which involved cases dealing with prohibited sexual acts between guards and inmates;

2. There is an additional witness who would testify that the victim stated that, if given the chance, the victim would have sex with a guard in order to get transferred, or be released.

3. The timeline for the alleged conduct on May 10th raises serious questions. Specifically, the defendant and the victim entered the corridor where the alleged conduct took place, according to video evidence, at 6:10:03 and exited the other

        corridor at 6:15:19. The entirety of the incident took place in 5 minutes and 13 seconds, not 6 minutes as suggested by the government. During this 5 minutes and 13 seconds, the defendant had to re-lock the corridor door, unlock the office door in which the incident allegedly took place, engage in oral sex with the victim for a period of time, push the defendant to the rear of the office, have the victim remove his clothing, engage in anal sex for 5 minutes, gather himself while the defendant used the bathroom, exit the office, re-secure the office, walk to the other side of the corridor, and unlock the door on the Fox North side.   All within 5 minutes and 13 seconds. Insofar as the victim has repeatedly indicated that the defendant was in actual anal penetration for 5 minutes, the victim's story is not consistent with any logical time frame.

4.      The victim was immediately evaluated on May 10th by the medical unit at the facility and then transported to Mary Washington Hospital where a complete rape kit test was performed.   The rape kit test showed no evidence of injury to the victim, at all.   No bruising, no tearing, no abrasion, nothing. This was the finding despite the victim's allegation that the defendant's penetration was forceful and painful.

5.      With respect to the March 16th incident, the victim claims that the defendant forceed him into an elevator between Fox North and Fox South, forced him to perform oral sex, at which time the defendant ejaculated everywhere.   The victim then went to the lower floor and entered to return to the same elevator where the victim alleges he had just been forcefully sodomized knowing that the defendant was the guard responsible for his exit from that elevator.

On the other hand, the problem with the defendant's case is that the defendant's statement as to how the victim's DNA could have been discovered on various garments owned by the victim do not appear to be logical at all. There is indisputable evidence of the defendant's DNA on some clothing garments, although the biological source through which the DNA transmitted has not been conclusively established.

The defendant does not dispute the characterization of The Charges set forth in the government's Brief, or the elements.

## POTENTIAL EVIDENTIARY ISSUES

The defendant agrees that the medical reports which the government intends to admit through factual witnesses are admissible. In fact, it is anticipated that the parties will reach Stipulations with regard to the authenticity of the records and admissibility of the records. With respect to the admissiblity of the BL's then existing mind, it is not clear why BL's then existing state of mind should be admitted through hearsay statements when, arguably, the most reliable source of information is BL. The government apparently intends to bolster the victim's credibility through secondary witnesses when the government has the ability to either (1) rely on the records, or (2) rely on the primary source of the information. Accordingly, the defendant would ask the court to make a preliminary ruling on that evidentiary issue.

With respect to BL's intitial report, the initial statement made to the first correctional officer to whom BL reported the assault, may be admissible, but the court should instruct that it is not being offered to establish the truth of the matter asserted, only to establish the effect it had on the officer. Again, however, defense counsel would question why this officer's testimony would be necessary in light of the victim's availability. Additionally, it is not clear whether or not the Rules would qualify the statement as an excited utterance insofar as the defendant returned to his cell, discussed the matter with his cell mate, and then went to report the incident. Accordingly, the statement was

made, in reality, after reflection, not before.

Lastly, the government has identified a forensic nurse, Susan Womble, who intends to render an opinion that the victims' demeanor during his actual examination at St Mary's on May 10, 2018 was consistent with the demeanor of a person that had been sexually assaulted.   It is not clear what the basis or foundation for that opinion would be.   That information has been requested from the government.   That issue should be addressed at the final pre-trial conference because, at this point, it may be necessary for a motion in limine on that portion of her opinion depending on the foundation information provided.

## TRIAL REQUEST

It is not clear, at this point, whether the defendant will testify.   At the conclusion of the government's case, defense counsel does hereby request that the court voir dire the defendant on his right to testify, consequences of his right to testify, and his right not to testify, insofar as the defendant may decide to testify which may be in direct contradiction to advice provided by defense counsel.   Additionally, defense counsel requests that the court question the defendant on defense counsel's ability to argue, or not argue, the defense of consent and/or lack of force.   The defense of consent and/or lack of force may be available to the defendant, but your defendant may direct defense counsel not to raise that defense, and the defendant's position on that matter should be made part of the record.

                                                   Respectfully Submitted,
                                                   Chikosi Legins
                                By:   _____/s/_____

Charles A. Gavin, Esquire
Virginia State Bar #: 31391
Attorney for Chikosi Legins
Cawthorn, Deskevich & Gavin, P.C.
1409 Eastridge Road
Richmond, VA 23229
(804)288-7999
(804)285-9015 *facsimile*
E-Mail: c.gavin@cawthorn.net

## **CERTIFICATE**

I hereby certify that this 24th day of January, 2020, I will electronically file the foregoing the Clerk of the Court using the CM/ECT system which will then mail a copy of such filing to Heather Hart Mansfield, Esquire, Assistant United States Attorney.

By:_____/s/_____
Charles A. Gavin, Esquire
Virginia State Bar #: 31391
Attorney for Chikosi Legins
Cawthorn, Deskevich & Gavin, P.C.
1409 Eastridge Road
Richmond, VA 23229
(804)288-7999
(804)285-9015 *facsimile*
E-Mail: c.gavin@cawthorn.net