# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:19CR104 (DJN) |
| ) | |
| CHIKOSI LEGINS, ) | |
| ) | |
| *Defendant*. ) | |

## JOINT STIPULATIONS

The United States Attorney for the Eastern District of Virginia, by and through the undersigned Assistant United States Attorneys, and joined by counsel for the defendant, Charles Gavin, respectfully request the Court issue the following stipulations at the Jury trial beginning on Friday, February 7, 2020:

**1.      Physical Evidence Chain of Custody**

There is a stipulation by and between the parties that the items of physical evidence collected in this case are in fact the actual items collected at their respective crime scenes and collection sites. These items of physical evidence were maintained through a proper chain of custody from the time of their collection to the time introduced at trial. There is no dispute as to the authenticity of these items. Those items include:

| Exhibit Number | Description |
|---|---|
| Gov't Ex. 8 | Lined paper note recovered from B.L.'s cell on May 10, 2018. |
| Gov't Ex. 9 | Paper towel note recovered from B.L.'s cell on May 10, 2018. |
| Gov't Ex. 10 | Sweatshirt recovered from B.L.'s cell on May 10, 2018. |

| | |
|---|---|
| **Gov't Ex. 11** | Shirt recovered from B.L. on May 10, 2018. |
| **Gov't Ex. 12** | Jock strap recovered from B.L. on May 10, 2018. |
| **Gov't Ex. 13** | Shorts recovered from B.L. on May 10, 2018. |
| **Gov't Ex. 14** | Poncho recovered from B.L. on May 10, 2018. |
| **Gov't Ex. 4** | DNA specimen collection swabs and blood sample collected from B.L. by Sexual Assault Nurse Examiners Womble and Turner on May 10, 2018. |
| **Gov't Ex. 18** | Buccal sample collected from R.J. on June 5, 2018. |
| **Gov't Ex. 19** | Buccal sample collected from defendant Chikosi Legins on June 5, 2018. |
| **Gov't Ex. 20** | Audio recording of defendant Chikosi Legins interview, June 5, 2018. |

### 2. DNA Evidence Chain of Custody

There is a stipulation by and between the parties that all evidentiary items received by, examined, and tested in this case by personnel at the FBI Laboratory in Quantico, Virginia, are in fact the actual items seized or collected at their respective crime scenes and collection sites. All items of evidence seized and delivered to the FBI Laboratory for processing in this case were packaged, labeled, and handled in a manner which prevented loss or contamination. Additionally, all evidentiary items, after arriving at the FBI Laboratory, were stored, transferred between and within various testing divisions, and processed in a manner which preserved and maintained the integrity of all biological specimens. The parties stipulate and agree that those evidentiary items have been maintained through a proper chain of custody from the time of their collection to the time introduced at trial. The parties stipulate that the FBI Laboratory in Quantico specifically tested the following items, identified by their Exhibit Number and the FBI

Laboratory's corresponding "Item Number":

| Exhibit Number | Corresponding FBI Laboratory Item Number |
|---|---|
| **Gov't Ex. 4-A** | Item No. 1 (Penile swabs) |
| **Gov't Ex. 4-B** | Item No. 3 (Thighs/external genitalia swabs) |
| **Gov't Ex. 4-C** | Item No. 5 (Anorectal swabs) |
| **Gov't Ex. 4-D** | Item No. 7 (Perianal/buttocks swabs) |
| **Gov't Ex. 4-E** | Item No. 9 (Oral swabs) |
| **Gov't Ex. 4-F** | Item No. 11 (Swabs from lip/lip area) |
| **Gov't Ex. 4-G** | Item No. 13 (Swabs from back of right hand) |
| **Gov't Ex. 4-H** | Item No. 17 (B.L. blood sample) |
| **Gov't Ex. 18** | Item No. 54 (Buccal sample from R.J.) |
| **Gov't Ex. 19** | Item No. 55 (Buccal sample from defendant Chikosi Legins) |
| **Gov't Ex. 10** | Item No. 20 (Sweatshirt) |
| **Gov't Ex. 12** | Item No. 21 (Jock strap) |
| **Gov't Ex. 13** | Item No. 22 (Shorts) |
| **Gov't Ex. 14** | Item No. 29 (Poncho) |

### 3. Testimony of Biologist – Forensic Examiner Kara Gregor

The FBI Laboratory at Quantico, Virginia employs a DNA testing procedure that involves an assignment coordinator (who assign a particular DNA testing task), biologists (who prepare and process the DNA samples), and an analyst who completes does the actual DNA analysis and comparison. The analyst is involved – and directs – the Laboratory's entire DNA testing process, and then completes the analysis on the test results that the process generates. The FBI analyst assigned to this particular investigation, Forensic Examiner Kara R. Gregor, is accordingly able to provide testimony as regards both the FBI Laboratory's DNA testing process, and her subsequent analysis of the DNA testing's results.

### 4. FCC Petersburg Video Surveillance Footage

Government Exhibits 1 and 2 are recordings of surveillance video captured by surveillance cameras maintained at FCC Petersburg, Virginia, on March 16 (Exhibits 1-A through 1-E) and May 10 (Exhibits 2-A through 2-E) of 2018. There is no dispute as to the accuracy or authenticity of these videos, or to the accuracy of the date and time stamps contained thereon.

### 5. FCC Petersburg Photographs

Government Exhibits 5-A through 5-F are still photographs taken on May 11, 2018, by a Bureau of Prisons photographer, of FCC Petersburg; specifically, Unit Team Area of F-Unit, FCI Petersburg Medium. Defense Exhibit 8 consists of four (4) still photographs taken of the Compound Office located on FCI Petersburg – Medium. There is no dispute as to the accuracy and authenticity of these photographs.

**6. Authenticity of Exhibits**

The parties jointly stipulate and agree that there is no dispute as to the authenticity of the following exhibits:

| | |
|---|---|
| **Gov't Ex. 22** | Bureau of Prisons Health Services Clinical Encounter Record 05/10/2018 (Bates 555–63) |
| **Gov't Ex. 23** | Bureau of Prisons Psychology Services, Sexual Abuse Intervention (Bates 558) |
| **Gov't Ex. 3** | Forensic Nurse Examination Records (Bates 628–44) |
| **Gov't Ex. 6** | Diagrams of Housing Unit F First Floor (Bates 1035) |
| **Gov't Ex. 7** | Diagram of FCI Petersburg Medium (Bates 78611) |
| **Gov't Ex. 15** | FBI Lab No. 2018-01941-3, dated November 15, 2018 (Bates 383–86) |
| **Gov't Ex. 16** | FBI Lab No. 2018-01941-5, dated December 13, 2018 (Bates 392–94) |
| **Gov't Ex. 17** | FBI Lab No. 2018-01941-11, dated July 10, 2019 (produced on disk on Sept. 20, 2019) |
| **Gov't Ex. 21** | UNT-0114103583 Security Logs (Bates 677–901) |
| **Def. Ex. 1** | BOP Housing Records for G.L. (Bates 78906) |
| **Def. Ex. 2** | BOP Housing Records for D.N. (Bates 79509) |
| **Def. Ex. 3** | BOP Housing Records for S.T. (Bates 78605) |
| **Def. Ex. 4** | BOP Work History for defendant Chikosi Legins (Bates 78545) |
| **Def. Ex. 5** | BOP Commissary Report for R.J. (Bates 78601) |
| **Def. Ex. 6** | FCI Petersburg – Medium "Specific Post Orders" for Morning, Day, and Evening Watches (Bates 78591) |
| **Def. Ex. 7** | FCI Petersburg – Medium Cell Search History for D.N. (Bates 78608) |

### 7. Defendant Chikosi Legins Surgery

The parties jointly stipulate and agree that on April 25, 2018, defendant Chikosi Legins underwent a surgical procedure (a mandibulectomy) at the Virginia Commonwealth University ("VCU") Medical Center. The defendant was discharged from VCU Medical Center on April 26, 2018.

### 8. Venue

The parties jointly stipulate and agree that, at all times relevant to the instant Indictment, (1) the Federal Correctional Institution, Petersburg ("FCI Petersburg") was a federal prison complex operated by the Bureau of Prisons; (2) the alleged victim, B.L., was a person within the Eastern District of Virginia, specifically, as a federal inmate confined to FCI Petersburg; and (3) the defendant, Chikosi Legins, was a federal correctional officer employed by the Bureau of Prisons at FCI Petersburg.

### 9. Undisputed Elements

The parties jointly stipulate and agree that the following elements have been proven beyond a reasonable doubt: (1) the second element of Count Two, that the alleged offense was committed at a Federal Prison; (2) the second element of Counts Three and Four, that B.L. was officially detained at FCI-Petersburg; and (3) the third element of Count Five, that the defendant's statements to federal agents on June 5, 2018 were made in a matter within the jurisdiction of the executive branch.

These stipulations are admissible in evidence at trial.

Respectfully Submitted,

G. Zachary Terwilliger
United States Attorney

6

By:   /s/
  Thomas A. Garnett
  Assistant United States Attorney
  United States Attorney's Office

  /s/
  Kathryn E. Gilbert
  Trial Attorney
  Civil Rights Division

Date: February 3, 2020

/s/
Charles A. Gavin
Counsel for Chikosi Legins