**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:19-cr-00104 |
| | ) | |
| CHIKOSI LEGINS, | ) | |
| | ) | |
| *Defendant*. | ) | |

## UNITED STATES' SUR-REPLY BRIEF REGARDING DEFENDANT'S SUPPLEMENTAL POSITION ON BOND

The United States files this sur-reply brief in response to the defendant's *Supplemental Position on Bond* (Dk. No. 146), in which the defendant advanced arguments regarding the defendant's detention not previously addressed in the defendant's opening brief (*Motion to Set Aside Verdict*, Dk. No. 135). Because the defendant's arguments are neither compelling nor sufficient to satisfy his statutory burden of demonstrating that his release would not present a risk of flight or danger to the community, the Court should decline to reverse its earlier ruling, and should instead deny the defendant's motion.

## FACTUAL AND LEGAL BACKGROUND

The matter of a defendant's detention following conviction and pending a sentencing hearing is governed by 18 U.S.C. § 3143(a), which "establishe[s] a presumption in favor of detaining convicted defendants." *United States v. Langford*, 687 F. App'x 265 (4th Cir. 2017). The statute reads, in relevant part:

> the *judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence*, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, *be detained, unless the judicial officer finds by clear and convincing evidence* that the person is not likely to flee or pose a

danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143 (emphases added).

Following the return of the jury verdict on February 12, the United States moved to revoke the conditions of the defendant's pre-trial release, and for the defendant's remand to custody pending his June 2020 sentencing hearing. *See* Trial Transcript, Feb. 12, 2020, at 7. The Court requested the defendant's position on detention after hearing from the United States. The defendant's arguments against his remand to custody consisted of noting that (1) the defendant had appeared as required at previously scheduled court hearings; (2) the then-current third-party custodian arrangement appeared to be working; and (3) there were "adequate safeguards" in place to ensure the defendant's appearance at the sentencing hearing. *Id*., at 8. Having thus considered those arguments, the Court revoked the conditions of the defendant's release and remanded him to custody. *Id*., at 8-9.

## ARGUMENT

As an initial matter, the United States notes that, pursuant to well-settled law, the defendant's failure to raise arguments against his continued detention in his opening brief generally constitutes an abandonment of those arguments.[1]

Regardless, the defendant's renewed arguments against his detention are largely just that – a reiteration of arguments previously raised, considered, and found insufficient by the Court. The

---

[1] "It is a well settled rule that contentions not raised in the argument section of [an] opening brief are abandoned." *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999)). "[C]ourts generally will not address new arguments raised in a reply brief because it would be unfair to the [responding party] and would risk an improvident or ill-advised opinion on the legal issues raised." *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995). In short, such arguments are ordinarily waived. *See, e.g.*, *United States v. Jones*, 308 F.3d 425, 427 n.1 (4th Cir. 2002); *Yousefi v. INS*, 260 F.3d 318, 326 (4th Cir. 2001).

defendant's assertions in Paragraphs 1 – 7 and 10 are all related to the defendant's argument that because he did not violate the conditions of his pre-trial release between his March 2018 arrest and his February 2020 conviction, those previous conditions of release should therefore suffice.[2]

Those arguments fail today for the same reasons they were insufficient on February 12 – because they fail to account for the nature of the defendant's offense of conviction, and the sharply elevated risk of the defendant's flight subsequent to his conviction and the imminent prospect of a looming jail sentence.

The defendant's conviction establishes several facts that militate against any assumption that the defendant will be forthright with the Court and compliant with the terms of any release: First, the jury concluded that the defendant, while employed as a federal correctional officer, chose to abuse his position of authority and trust by engaging in sexual activity with an inmate entrusted to his care. Second, the jury concluded the defendant was willing to lie, *under oath* – voluntarily, repeatedly, emphatically, with citations to his religious faith and claimed health issues – to federal agents charged with investigating that sexual activity. And third, the jury necessarily concluded that the defendant was willing and able – again, under oath – to invent a concocted narrative of his actions while in the Unit Team Secretary's Office on May 10, 2018, complete with a detailed account of how he had tried (but failed) to log-in to his BOP computer account in a deserted, camera-less office, all the while making "conversation" with inmate B.L.

In short, the jury's verdict demonstrated that the defendant was a skilled, committed liar willing to deceive federal agents while under oath in order to cover up his abuse of the trust placed

---

[2]     The defendant's citation (Paragraph 10) to the fact that that the government "allowed the defendant to remain free for over a year before his arrest" is of little import. The United States is entitled – in fact, obligated – to thoroughly investigate a criminal matter before filing criminal charges and seeking an arrest warrant. Those logistical and temporal investigative requirements should not be construed as constituting any kind of governmental position on whether a defendant, when eventually *convicted* of charges, should be remanded to custody.

in him by the United States Bureau of Prisons.  Consideration of the specific nature (that is, deceit in the interest of self-preservation) and extent (repeated and emphatic falsehoods) of the defendant's offense conduct demonstrates that the defendant is unable to satisfy the detention statute's deliberately steep burden for convicted defendants.  The defendant's original (and now repeated) arguments are, in essence, an assertion that the Court should trust the defendant, and take him at his word.  The jury concluded that the defendant lied under oath when he believed it was in his interest to do so – and the Court's original determination on detention was an appropriate reflection and acknowledgement of the defendant's complete lack of trustworthiness, and the defendant's demonstrated willingness to abuse governmental trust when given the opportunity.

The defendant's additional arguments – raised for the first time in his March 12th filing – consist of three distinct assertions, none of which are compelling and each of which should also be rejected.  The United States addresses those contentions in turn.

The defendant's initial (new) argument claims that he should be released from custody because, according to the defendant's wife, the Chesterfield County Police Department is no longer pursuing criminal charges against the defendant "relative to the defendant's juvenile daughter." First, the defendant's failure to comprehensively inform his pretrial supervisor of his involvement in that criminal matter led the Court to issue an arrest warrant on a Petition for Action on Conditions of Pretrial Release, and to ultimately modify the defendant's terms of pretrial release. *See* Dk. No. 53.  Second, and more fundamentally, the bare fact that the defendant has not been charged with *additional*, unrelated criminal conduct in the state system should be viewed, at best, as a neutral factor.  Avoiding fresh criminal charges while on pre-trial release is the *bare minimum* expected of supervised defendants.  The defendant's burden under 18 U.S.C. § 3143 is a heavy one, and this particular argument (he has not been charged with additional crimes during his period

of pre-trial release) is, at its root, simply a variant of his original arguments before this Court, and should be likewise rejected.

The defendant's second and third proffered rationales for his release from custody have no relation to the operative question before the Court – whether the defendant has met his statutory burden of demonstrating that he does not pose a risk of flight or a danger to the community. Instead, these arguments are better characterized as grievances: a complaint that incarceration has been generally unpleasant for the defendant; and that the defendant is concerned that he might contract the Covid-19 virus while incarcerated.

The defendant explains that he is under special watch at the Pamunkey Regional Jail because of the possibility that his fellow inmates may be aware of "the nature of the defendant's charges, and his prior work history as a guard . . ." Def. Mot., at 2. In effect, the defendant complains that he should be released because the jail staff at Pamunkey Regional Jail are taking logical and appropriate steps to *safeguard* the defendant during his incarceration. Citing to the jail staff's professionalism in this instance is a novel (and non-compelling) basis for a release argument, and the United States notes that the Pamunkey jail staff's attentiveness to such safety measures and precautions is most relevant to undercut the defendant's final (new) argument: his concern that he may contract the Covid-19 virus while incarcerated.

The defendant appropriately acknowledges that in this respect he "does not deserve any special treatment," and the United States concurs. Regardless, however, the United States notes that the Pamunkey jail staff has already demonstrated an especial attentiveness to the defendant's particular situation, and a willingness to take the extra measures necessary to ensure his physical health and well-being (to include separating the defendant). The defendant's concern about the Covid-19 virus is not relevant to the statutory question before this Court – whether the defendant

has presented evidence sufficient to overcome the statute's presumption in favor of detention.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully submits that the defendant has not satisfied his statutory burden of overcoming § 3143(a)'s presumption in favor of detention by establishing, by clear and convincing evidence, that he poses neither a flight risk nor a danger to any other person or the community.  Accordingly, the Court should decline to reverse its earlier ruling on detention, and should instead deny the defendant's motion.


Respectfully Submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY


By:       /s/
          Thomas A. Garnett
          Assistant United States Attorney
          Virginia Bar No. 86054
          United States Attorney's Office
          919 East Main Street, Suite 1900
          Richmond, Virginia  23219
          Phone: 804-819-5400
          Fax:    804-771-2316
          Email: Thomas.A.Garnett@usdoj.gov


          /s/
          Kathryn E. Gilbert
          Trial Attorney
          Civil Rights Division

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2020, I electronically filed the foregoing motion using the Court's CM/ECF system, which will send an electronic notification of such filing (NEF) to all counsel of record.

_____/s/_____
Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia  23219
Phone: 804-819-5400
Fax:    804-771-2316
Email: Thomas.A.Garnett@usdoj.gov
