IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:19cr104 (DJN)

CHIKOSI LEGINS,
Defendant.

**MEMORANDUM ORDER**

On July 24, 2019, a grand jury returned an indictment against Defendant Chikosi Legins ("Defendant"), charging Defendant with five offenses, including four counts related to alleged sexual acts between Defendant — a correctional officer — and an inmate at the Federal Correctional Institution, Petersburg ("FCI Petersburg"), and one count of knowingly and willfully making materially false, fictitious or fraudulent statements to agents of the Federal Bureau of Investigation ("FBI") and the Department of Justice, Office of the Inspector General ("OIG") during the investigation of those alleged offenses in violation of 18 U.S.C. § 1001. On February 12, 2020, after considering all of the evidence presented during trial, a jury returned a verdict of not guilty on the first four counts and a verdict of guilty on the § 1001 count, Count Five. (ECF No. 123.)

This matter now comes before the Court on the parties' Positions (ECF Nos. 140, 144) on the appropriate maximum sentence for Count Five, which the Court ordered the parties to file after noticing a discrepancy between the apparent maximum sentence under § 1001 and the Government's representations as to the maximum sentence during Defendant's arraignment. For the reasons set forth below, the Court hereby SUSTAINS the Government's Position on the Statutory Maximum (ECF No. 140) and FINDS that eight (8) years' imprisonment constitutes

the appropriate statutory maximum for Defendant's conviction on Count Five. Consequently, the Court further FINDS that § 2J1.2 of the United States Sentencing Guidelines governs the appropriate guidelines range for Defendant's conviction.

## I. BACKGROUND

### A. Indictment and Trial

On July 24, 2019, a grand jury returned an indictment against Defendant, charging him with five offenses. Specifically, in Count One, the Indictment charged Defendant with depriving the alleged victim, B.L., "of the right, secured and protected by the Constitution and laws of the United States, not to be subjected to cruel and unusual punishment" while acting under color of law in violation of 18 U.S.C. § 242, by subjecting B.L. to aggravated sexual abuse and attempted aggravated sexual abuse that resulted in bodily injury. (Indictment (ECF No. 3) at 2.) Count Two charged Defendant with aggravated sexual abuse and attempted aggravated sexual abuse in violation of 18 U.S.C. § 2241(a), alleging that Defendant used force and attempted to use force against B.L. to penetrate B.L.'s mouth and anus with his penis. (Indictment at 2.)

In Counts Three and Four, the Indictment charged Defendant with sexual abuse of a ward in violation of 18 U.S.C. § 2243(b) for two separate incidents involving Defendant and B.L., namely: (1) a May 10, 2018 incident in which Defendant allegedly penetrated B.L.'s mouth and anus; and, (2) a March 16, 2018 incident in which Defendant allegedly penetrated B.L.'s mouth. (Indictment at 3.) Finally, Count Five charged Defendant with making two materially false, fictitious or fraudulent statements to FBI and OIG investigators in a matter within the jurisdiction of those agencies, specifically: (1) falsely denying that he engaged in a sexual act with any inmate at any time at FCI Petersburg; and, (2) falsely stating that on May 10, 2018, he attempted

2

to use a computer and printer while engaged in "just conversation" with B.L. when they were alone in an unattended office with no surveillance cameras. (Indictment at 4.)

Following his indictment and arrest, on July 25, 2019, Defendant appeared before the undersigned for his initial appearance, (ECF No. 8), and, during his July 30, 2019 arraignment, Defendant entered a plea of not guilty to all counts in the Indictment, (ECF No. 11). The Court then scheduled the case for a jury trial beginning September 30, 2019, before Senior United States District Judge Robert E. Payne. (ECF No. 11.) On August 19, 2019, Judge Payne granted Defendant's First Motion to Continue (ECF No. 18) and continued trial until November 18, 2019. (ECF No. 25.)

On October 21, 2019, Judge Payne reassigned this case to the undersigned upon the undersigned's confirmation and appointment as a United States District Judge. (ECF No. 35.) After reassignment, the Court granted Defendant's Second Motion to Continue (ECF No. 37) and continued the trial until February 6, 2020. (ECF No. 38.) Trial commenced with jury selection on February 6, 2020, (ECF No. 109), and continued until closing arguments on February 11, 2020, (ECF Nos. 118-19, 121), when the jury retired for deliberations. The jury returned a verdict on February 12, 2020. (ECF No. 122.)

After considering the evidence presented during trial and the Court's Final Instructions (ECF No. 127-1), the jury returned a verdict of not guilty on Counts One, Two, Three and Four and a verdict of guilty on Count Five. (Verdict Form ("Verdict") (ECF No. 123).) In finding Defendant guilty on Count Five, the jury marked that both false statements alleged in the Indictment supported its verdict. (Verdict at 3.) Based on the jury's verdict, the Court found Defendant guilty of the allegations in Count Five and scheduled this matter for sentencing on June 9, 2020. (Sentencing Guidelines Order (ECF No. 124).)

3

### B. Maximum Sentence Discrepancy

Following the jury's verdict, the Court reviewed 18 U.S.C. § 1001 to determine the appropriate maximum sentence for Defendant's conviction. Upon review of § 1001, the Court determined that the eight-year maximum sentence under that provision might apply, because the matter within the jurisdiction of the executive branch in which Defendant made materially false, fictitious or fraudulent statements "relates to an offense under chapter 109A." § 1001(a). Specifically, Defendant made the statements that sustained the jury's verdict on Count Five during the investigation of his alleged violations of 18 U.S.C. §§ 2241 and 2243, both of which constitute offenses under chapter 109A. (Verdict at 3.) However, the Court's review of the audio recording of Defendant's July 30, 2019 arraignment revealed that the Government represented that Count Five carried a maximum sentence of five years' imprisonment, not eight. Accordingly, the Court ordered the parties to file positions on the proper maximum sentence for Defendant's conviction and the impact, if any, of the Government's error during the arraignment. (Feb. 18, 2020 Order (ECF No. 130).)

### C. Government's Position

Pursuant to the Court's Order, on February 28, 2020, the Government filed its Position on the Statutory Maximum (ECF No. 140). In its Position, the Government argues that the eight-year statutory maximum applies to Defendant's conviction, because his conviction fits the requirements for an eight-year maximum sentence under § 1001 and because the Government's misstatement of the appropriate maximum sentence did not deprive Defendant of a substantive right or otherwise prejudice him. (Gov't's Position on Statutory Maximum Applicable to Def.'s Count Five Conviction ("Gov't Pos.") (ECF No. 140) at 1.)

Specifically, the Government argues that the matter in which Defendant made the false statements under Count Five "relates to" an offense under chapter 109A, because the Supreme Court has given "relates to" a "deliberately expansive" definition and the FBI and OIG's investigation clearly related to alleged offenses under chapter 109A. (Gov't Pos. at 2-3 (internal quotations and citations omitted).) The Government also notes that federal agents informed Defendant during his interview that the purpose of the interview was to investigate allegations of sexual acts between him and B.L. (Gov't Pos. at 3.)

As to its representation during Defendant's arraignment that Count Five carried a maximum penalty of five years' imprisonment, the Government argues that such a representation did not violate Defendant's rights nor prejudice him in any way. (Gov't Pos. at 4-6.) For one, the Government contends that Federal Rule of Criminal Procedure 10, which governs arraignments, provides no right to an accurate recitation of the statutory maximum for each charged offense. (Gov't Pos. at 4.) And, in any case, the Government cites to Fourth Circuit caselaw holding that when a defendant pleads not guilty, any errors in his arraignment become harmless or are simply waived. (Gov't Pos. at 5 (citing *United States v. Owen*, 407 F.3d 222, 229 (4th Cir. 2005); *United States v. Beaty*, 203 F.2d 652 (4th Cir. 1953)).) Therefore, the Government contends that even if its misstatement of the applicable statutory maximum for Count Five violated Defendant's rights, Defendant's plea of not guilty to all counts in the Indictment rendered that misstatement harmless. (Gov't Pos. at 5.)

Finally, the Government contends that its misstatement did not prejudice Defendant, because he faced much higher statutory maximums on the first four counts. (Gov't Pos. at 5-6.) The Government maintains that to show prejudice, Defendant would need to demonstrate that if he had learned during his arraignment that Count Five carried an eight-year maximum sentence

5

instead of five years, he would have pled guilty to charges that carried potential life sentences. (Gov't Pos. at 6.) Accordingly, the Government asserts that no prejudice resulted from its misstatement during Defendant's arraignment and, as such, the eight-year statutory maximum should apply. (Gov't Pos. at 6.)

### D. Defendant's Position

On March 12, 2020, Defendant filed his Position in response. Defendant argues that the statutory maximum for his conviction on Count Five should be five years' imprisonment, because Count Five of the Indictment failed to state that the alleged false, fictitious or fraudulent statements made by Defendant were in a matter related to an offense under chapter 109A. (Def.'s Pos. on Statutory Max. ("Def.'s Pos.") (ECF No. 144) at 2-3.) Defendant also notes that the jury verdict form did not require a finding that the matter in which Defendant made the false statements related to an offense under chapter 109A. (Def.'s Pos. at 2-3.) Defendant argues that by holding that the statutory maximum for Count Five should be eight years' imprisonment, the Court would effectively amend the Indictment and its Final Instructions (ECF No. 127-1) to the jury, which would violate the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that all facts supporting an enhanced sentence be proven to a jury beyond a reasonable doubt. (Def.'s Pos. at 3.) Defendant further contends that the Government's misstatement of the statutory maximum for Count Five during his arraignment constitutes prejudicial error, because just as a defendant should be informed of the proper statutory maximum when entering a guilty plea, he should be informed of the proper statutory maximum when entering a not guilty plea. (Def.'s Pos. at 3-4.)

## II. ANALYSIS

The Court agrees with the Government's Position and will therefore sustain that Position and find that the eight-year statutory maximum under § 1001 applies to Defendant. For one, the Court finds that the matter described in Count Five — namely, the FBI and OIG's investigation into Defendant's alleged sexual acts with B.L. — "relates to" an offense under chapter 109A. As the Government notes in its Position, the Supreme Court has given "relates to" and similar language in other statutes a deliberately expansive meaning. *See Smith v. United States*, 508 U.S. 223, 237 (1993) (holding that "[t]he phrase 'in relation to' is expansive"); *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 129 (1992) (giving "relate[s] to" its "ordinary meaning," which "gives effect to the 'deliberately expansive' language chosen by Congress"). Accordingly, so long as the matter within the jurisdiction of the executive branch under § 1001 "has a connection with or reference to" an offense under chapter 109A, *Greater Wash. Bd. of Trade*, 506 U.S. at 129, or has "some purpose or effect with respect to" an offense under chapter 109A, *Smith*, 508 U.S. at 238, the matter "relates to" such an offense within the meaning of § 1001.

Here, the matter in which Defendant made the false statements sustaining the jury's guilty verdict on Count Five undoubtedly related to offenses under chapter 109A, including violations of 18 U.S.C. § 2241 and 2243, because determining whether those offenses occurred constituted the "purpose" of the FBI and OIG's investigation. As such, the jury's verdict supports the application of the eight-year statutory maximum under § 1001.

Of course, as Defendant points out, an apparent increase in the statutory maximum for a crime of conviction undoubtedly raises concerns under *Apprendi v. New Jersey*, which requires that any fact used to increase the statutory maximum for an offense be proven to a jury beyond a

7

reasonable doubt. 530 U.S. 466, 490 (2000). However, such concerns do not apply here, because the Court's decision merely clarifies the statutory maximum supported by the jury's verdict and does not increase the maximum based on facts not proven to the jury beyond a reasonable doubt. Indeed, in delivering its verdict on Count Five, the jury made a specific finding that Defendant made a false statement when he denied engaging in sexual acts with any inmate at any time at FCI Petersburg. (Verdict at 3.) This specific finding directly supports the application of the eight-year maximum sentence under § 1001, because to make such a finding, the jury must have been convinced beyond a reasonable doubt that Defendant engaged in sexual acts with inmates, which chapter 109A prohibits. And even if the jury relied on the closing argument of Defendant's counsel that B.L. only consensually masturbated Defendant to support its finding that Defendant falsely denied such conduct, consensual masturbation with an inmate nonetheless violates 18 U.S.C. § 2244, an offense under chapter 109A. (Tr. Vol. IV (ECF No. 138) at 153:7-154:7.) Accordingly, the jury's verdict directly supports the application of the eight-year statutory maximum to Defendant's conviction.

Moreover, although Defendant argues that the Indictment failed to specifically state that Defendant's false statements related to an offense under chapter 109A, "in testing the sufficiency of an indictment, it is the statement of facts in the pleading, rather than the statutory citation that is controlling." *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988) (internal quotations and citations omitted). Because the facts alleged in Count Five of the Indictment and proven beyond a reasonable doubt to the jury support a maximum sentence of eight years, the failure to recite the "related to" language in Count Five does not preclude the imposition of the higher penalty.

The question then becomes whether the Government's misstatement of the maximum penalty for Count Five during Defendant's arraignment has an impact on the application of the eight-year statutory maximum in this case. To that end, Federal Rule of Criminal Procedure 10 provides that criminal defendants must be arraigned in open court and that the arraignment "must consist of: (1) ensuring that the defendant has a copy of the indictment or information; (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then (3) asking the defendant to plead to the indictment or information." The arraignment of a defendant represents "an ancient procedure, the purpose of which is to 'inform the accused of the charge against him and obtain an answer from him.'" *United States v. Gray*, 448 F.2d 164, 167 (9th Cir. 1971) (quoting *Garland v. Washington*, 232 U.S. 642, 644 (1914)). Although criminal defendants should be arraigned as a matter of course, so long as the accused receives sufficient notice of the accusations against him and an adequate opportunity to defend himself, the lack of a formal arraignment does not cause undue prejudice. *Garland*, 232 U.S. at 645. Accordingly, "[a] failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998) (citations omitted).

Based on these principles, the Court finds that the misstatement of the statutory maximum for Count Five did not violate Defendant's rights during his arraignment or affect the applicable statutory maximum. Other than the misstatement of the statutory maximum for Count Five, a review of Defendant's arraignment reveals that he received a copy of the Indictment, notice of the substance of the charges against him and an opportunity to answer those charges with a plea, which satisfies both the requirements of Rule 10 and the historic purpose of arraignments. Indeed, while Rule 10 makes no mention of the need to state the appropriate

maximum penalty for each offense, Rule 11, which governs pleas, does require such a disclosure, only highlighting the absence of any violation in this instance. Fed. R. Crim. P. 11(b)(1)(H). In other words, the lack of a requirement under Rule 10 to disclose the maximum penalty during an arraignment and its subsequent inclusion under Rule 11 for the taking of guilty pleas suggests that the failure to properly disclose the maximum penalty during an arraignment does not violate a defendant's substantive rights.

Moreover, it follows that if the complete failure to arraign a defendant warrants reversal only when it "causes prejudice or impairs a substantial right," the mis-arraignment of a defendant warrants reversal under the same standard. *Williams*, 152 F.3d at 299. To that end, Defendant points to no prejudice or impairment of his rights caused by the Government's error in misstating the maximum penalty for Count Five. Indeed, it would be difficult for Defendant to argue prejudice from the Government's misstatement when (a) he pled not guilty and proceeded to trial and (b) faced charges with far higher penalties. And although Defendant argues that just as defendants entering guilty pleas should be properly apprised of the maximum penalty for each offense, defendants entering not guilty pleas should enjoy the same right, Defendant relies on Rule 11 for that argument, which, as the Court explains above, does not apply to arraignments. The Court will not read an additional requirement into Rule 10 that neither the language of the rule nor existing caselaw supports, especially when, as here, a defendant faces much higher maximum penalties of which the Government properly advises him. Accordingly, the Court finds no reason to apply the Government's misstatement during Defendant's arraignment and will instead apply the eight-year statutory maximum under § 1001 that the jury's verdict supports.

Because the eight-year statutory maximum under § 1001 applies to Defendant's conviction, pursuant to the United States Sentencing Guidelines, § 2J1.2, not § 2B1.1, will govern the appropriate guidelines range for Defendant's sentence. United States Sentencing Commission, Guidelines Manual, App. A (Nov. 2018). Accordingly, the United States Probation Officer should rely on § 2J1.2 when determining his sentence recommendation.

### III. CONCLUSION

For the reasons set forth above, the Court hereby SUSTAINS the Government's Position on the Statutory Maximum (ECF No. 140) and FINDS that eight (8) years' imprisonment constitutes the appropriate statutory maximum for Defendant's conviction on Count Five.[1] Consequently, the Court further FINDS that § 2J1.2 of the United States Sentencing Guidelines governs the appropriate guidelines range for Defendant's conviction.

Let the Clerk file a copy of this Memorandum Order electronically, notify all counsel of record and forward a copy to United States Probation Officer Timothy Foote.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: March 20, 2020

---

[1] Because the materials before it adequately present the issues, and because the Court rules in the Government's favor on the appropriate statutory maximum, the Court issues this Memorandum Order before the deadline for the Government to file its Reply.