IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.             ) | CRIMINAL NO. 3:19-cr-00104 |
| ) | |
| CHIKOSI LEGINS,    ) | |
| ) | |
| *Defendant*.     ) | |

## UNITED STATES' OPPOSITION
## TO DEFENDANT'S MOTION TO EXCLUDE RELEVANT CONDUCT WITNESS

The United States responds to the defendant's *Motion to Exclude Relevant Conduct Witness* (Dk. No. 135). The defendant's arguments are in conflict with the plain language of the United States Sentencing Guidelines, federal code, and uncontroverted Fourth Circuit precedent, and the United States respectfully submits that the defendant's motion should be denied.

## FACTUAL BACKGROUND

During the investigation of federal inmate B.L.'s allegations of sexual assault by the defendant while the defendant was employed as a correctional officer at FCI Petersburg, federal agents learned of other inmates at that institution who reported that the defendant had sexually abused them. One of those inmates, G.L., told investigators that that the defendant had sexually abused G.L. while G.L. was incarcerated at FCI Petersburg.

The United States subsequently moved to introduce G.L.'s testimony at trial (as well as that of a second inmate) pursuant to Federal Rule of Evidence 413. (Dk. No. 30). The Court granted the government's motion after a hearing on October 28, 2019 (Dk. No. 41), although the Court later modified its original Order to exclude the government's proposed Rule 413 evidence "unless Defendant's case-in-chief require[d] the admission of the evidence in rebuttal." (Dk. No.

1

112). G.L. did not testify at the defendant's trial. The week after the conclusion of the defendant's trial (specifically, on February 19, 2020), G.L. met with one of the government's case agents at FCI Petersburg, and provided an account of his sexual interactions with the defendant. The agent drafted a report of that interview, which the United States provided to counsel for the defendant and the United States Probation Office.

The United States noted in its June 15th *Position on Sentencing* (Dk. No. 157) that it intended to call its case agent to testify as to that agent's interview of G.L. The defendant filed the instant motion the same day.

## ARGUMENT

The defendant's motion to bar the agent's testimony at the sentencing hearing relies on two arguments: First, that Section 1B1.3 of the United States Sentencing Guidelines (U.S.S.G.) does not provide a basis for the introduction of G.L.'s statements; and second, that the agent's sentencing hearing testimony would constitute hearsay, and thus violate the defendant's Sixth Amendment rights. The United States addresses those arguments in turn.

1. *The Sentencing Guidelines do not bar the Court's consideration of G.L.'s Statements*

First, the defendant's sexual relationship with G.L. is clearly "relevant conduct" for purposes of Section 1B1.3, as both the plain language of § 1B1.3 and common sense make clear. The jury convicted the defendant of lying about engaging "in a sexual act with any inmate at any time at Federal Correctional Institution, Petersburg." *Jury Verdict Form*, Dk. 123. The defendant's sexual acts with inmates at any time at FCI Petersburg are facially relevant.

More fundamentally, the defendant misapprehends § 1B1.3. That section is concerned, as the title notes, with the computation of a defendant's guideline range – to wit, determining the specific acts and omissions that properly inform the selection of the base offense level, specific

2

offense characteristics, *cross references*, and adjustments. *See* U.S.S.G. § 1B1.3(a). Because the defendant's offense of conviction – making false statements to federal agents, in violation of 18 U.S.C. § 1001 – clearly "involved obstructing the investigation or prosecution of a criminal offense," the Probation Officer properly applied the cross reference to U.S.S.G. § 2X3.1 (Accessory After the Fact), "in respect to *that criminal offense*." *See* PSR ¶ 19 (emphasis added). Section 1B1.3(a)(iii), in turn, mandates that in determining the application of such a cross-reference, a probation officer is to regard as relevant conduct "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. 1B1.3(a)(1)(A). The cross reference, in short, requires the Probation Officer to consider the conduct for which the defendant was being investigated. The government's investigation was predicated on, and primarily driven, of course, by B.L.'s allegations of oral and anal rape by the defendant, but the question of whether the defendant had also engaged in sexual acts with any *other* federal inmates during his employment was clearly relevant to that investigation (and demonstrated, e.g., by the United States' decision to place G.L. on its trial witness list).

Second, however, the issue of § 1B1.3's scope is frankly irrelevant to the question of whether the United States may present Agent Lavender's testimony at the defendant's sentencing hearing. Even if the Court were to conclude that G.L.'s statements do *not* fall within § 1B1.3's ambit, that determination would not affect the admissibility of those same statements. Section 1B1.3's effect is confined to delineating the process of calculating a defendant's sentencing guidelines – it does not purport to govern what information the parties may present to the Court at the subsequent sentencing hearing, when the Court considers *where* in (or above, or below) the computed guideline range to sentence the defendant. Instead, the following section of the Guidelines (§ 1B1.4) makes abundantly clear that the scope of information the parties may present

the sentencing court is near-universal. The sentencing court may consider "*without limitation, any information concerning* the background, character and *conduct* of the defendant, unless otherwise prohibited by law."[1] The Commentary explains that this section

> *distinguishes between factors that determine the applicable guideline sentencing range (§ 1B1.3) and information that a court may consider in imposing sentence within that range* . . . Congress intended that no limitation would be placed on the information that a court may consider in imposing an appropriate sentence under the future guideline sentencing system. *A court is not precluded from considering information that the guidelines do not take into account in determining a sentence* within the guideline range or from considering that information in determining whether and to what extent to depart from the guidelines.

U.S.S.G. § 1B1.4, cmt. (emphasis added). Section 1B1.4's cite to controlling "law" refers to 18 U.S.C. § 3661, "Use of Information for Sentencing." That black letter law states, unequivocally, that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

The Guidelines and United States Code thus do not bar the presentment of G.L.'s statements to the Court at the defendant's sentencing hearing; rather, they serve to acknowledge the importance and propriety of a sentencing court seeking to obtain the fullest possible picture of a criminal defendant's history, characteristics, and conduct in order to determine the appropriate sentence. As the Supreme Court concluded, "[h]ighly relevant—if not essential—to [the sentencing court's] selection of an appropriate sentence is the possession of the *fullest information possible concerning the defendant's life and characteristics*." *Williams v. People of State of N.Y.*, 337 U.S. 241, 247 (1949) (emphasis added).

---

[1] U.S.S.G. § 1B1.4, "Information to be Used in Imposing Sentence (Selecting a Point Within the Guideline Range or Departing From the Guidelines" (emphasis added).

2. *The Confrontation Clause does not preclude the introduction of G.L.'s statements*

The law is clear and uncontroverted that "the right to confrontation does not apply at sentencing, even in capital cases." *United States v. Umana*, 750 F.3d 320, 346 (4th Cir. 2014). As the Supreme Court has explained, a sentencing hearing "is a highly discretionary function." *Williams*, 337 U.S. at 246. A sentencing court may, accordingly, "consider 'any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy.'" *Umana*, 750 F.3d at 346–47 (quoting *United States v. Powell*, 650 F.3d 388 (4th Cir. 2011)).

Limiting the evidence a sentencing court may receive at a sentencing hearing to only that which could survive application of the Confrontation Clause of the Sixth Amendment, the Fourth Circuit explained, would be contrary to the policy of providing "full information to sentencers." *Id*. at 347. To "impose the rigorous requirements of confrontation would not only be a setback for reliable sentencing, it could also "endlessly delay criminal administration in a retrial of collateral issues." *Id*. (quoting *Williams,* 337 U.S. at 250).

Here, the United States intends to call FBI Special Agent Johnny Lavender to testify as to the substance of Agent Lavender's interview of federal inmate G.L. on February 19, 2020, at FCI Petersburg. That testimony – which concerns the inmate's summary of her sexual relationship with the defendant while the defendant was employed as a correctional officer at FCI Petersburg, and possessed supervisory power and control over the inmate – directly concerns the defendant's "background, character, and conduct." 18 U.S.C. § 3661. The United States seeks to provide this information to the Court in order to fulfill the United States' obligation to provide the Court with the "fullest information possible concerning the defendant's life and characteristics," consistent with federal law and public policy. *Williams*, 337 U.S. at 247.

## **Conclusion**

For the foregoing reasons, the United States respectfully submits that the defendant's motion should be denied.

Respectfully Submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: /s/
Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: 804-819-5400
Fax: 804-771-2316
Email: Thomas.A.Garnett@usdoj.gov

/s/
Kathryn E. Gilbert
Trial Attorney
Civil Rights Division

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, I electronically filed the foregoing motion using the Court's CM/ECF system, which will send an electronic notification of such filing (NEF) to all counsel of record.

        /s/
Thomas A. Garnett
Assistant United States Attorney
Virginia Bar No. 86054
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia  23219
Phone: 804-819-5400
Fax:    804-771-2316
Email: Thomas.A.Garnett@usdoj.gov