# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No.  3:19CR104-DJN |
| ) | |
| CHIKOSI LEGINS, ) | |
| ) | |
| *Defendant*. ) | |

## UNITED STATES' RESPONSE
## TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

The United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney, Thomas A. Garnett, Assistant United States Attorney, and Kathryn E. Gilbert, Trial Attorney, hereby responds to defendant Chikosi Legins' *Objections to Presentence Report* (Dk. No. 160).  The United States Probation Officer correctly calculated the defendant's guidelines, and the defendant's objections are without merit.

### I.    DISCUSSION[1]

### A.  The United States Probation Office Correctly Calculated the Guidelines

The United States Probation Office (USPO) correctly calculated the applicable guidelines. As the defendant concedes, and as the Court has already ruled, § 2J1.2 applies to the defendant's conviction.  *See* U.S. Sentencing Guidelines Manual § 2J1.2 cmt. (U.S. Sentencing Comm'n 2018) (applying to convictions under 18 U.S.C. § 1001 "when the statutory maximum term of eight years' imprisonment applies because the matter relates to . . . sex offenses under . . . chapter[] 109A . . . of title 18, United States Code."); Mem. Order at 2, Dkt. 150.  Section 2J1.2(c)(1) instructs that "if

---

[1]    The factual and legal background of this case is discussed in the United States' *Position on Sentencing*.  (Dk. No. 157).

the offense involved obstructing the investigation or prosecution of a criminal offense, [courts must apply] § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater" than the base offense level under § 2J1.2(a) or (b).  *See also United States v. Russell*, 234 F.3d 404, 409 (8th Cir. 2000) ("Section 2J1.2(a) establishes a base offense level [] for obstruction convictions [while] [s]ubsections (b) and (c) set out offense characteristics that enhance the base offense level.").  The USPO applied the § 2X3.1 cross-reference to reach a total offense level of 30, which is higher than the base offense level that would apply under § 2J1.2(a) or (b).  *See* PSR ¶¶ 18-21, Dk. No. 155.

The defendant argues that the § 2X3.1 cross-reference should not apply, first, because he "only obstructed justice to cover his own conduct."  Def. Obj. at 5, Dk. No. 160.  But § 2J1.2(c)(1), by its terms, requires application of the § 2X3.1 cross-reference to *any* defendant who obstructed "the investigation or prosecution of a criminal offense," even those who—as the defendant puts it—"only" obstructed justice to conceal their own criminal conduct.  The commentary to § 2J1.2 crystalizes the point:  "Because the conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense *that the defendant* has committed or to assist another person to escape punishment for an offense, a cross reference to § 2X3.1 (Accessory After the Fact) is provided."  U.S.S.G. § 2J1.2 cmt. (emphasis added).

The Fourth Circuit has squarely rejected the defendant's argument to the contrary.  "Regardless of the 'Accessory After the Fact' title assigned to § 2X3.1," the provision applies equally to a defendant convicted of obstruction "as a principal, not an accessory after the fact." *United States v. Hicks*, 438 F. App'x 216, 219 (4th Cir. 2011); *cf. also, e.g.*, *United States v. Glover*, 52 F.3d 283, 285 (10th Cir. 1995) (holding that analogous cross-reference in § 2J1.3 to § 2X3.1 applies "even though the declarant was obstructing investigations into his own unlawful

2

activities"). As the defendant concedes, the cases he cites interpreting pre-1991 versions of the guidelines are no longer good law. *See United States v. Heater*, 63 F.3d 311, 331 (4th Cir. 1995) ("[*United States v. Pierson*, 946 F.2d 1044 (4th Cir. 1991),] is no longer good law."). As the Fourth Circuit has explained, whatever the proper interpretation of older versions of 2X3.1, subsequent amendments to the guidelines commentary "expand[ed] section 2X3.1 cross referencing to include principals as well as accessories." *Id.*; *accord United States v. McQueen*, 86 F.3d 180, 184 (11th Cir. 1996) ("[S]ubsequent amendment to the commentary to § 2J1.2 . . . acknowledges that the cross-reference to § 2X3.1 applies whether the underlying offense was committed by the defendant or another person.").

The defendant next argues that "the underlying offense must be based on a conviction to support the Commentary that the offense was committed." Def. Obj. at 5, Dk. No. 160. As the Fourth Circuit has explained, however, "[w]hen determining the 'underlying offense,' for purposes of the cross reference, a sentencing court need not look to the offense of conviction." *United States v. Dickerson*, 114 F.3d 464, 468 (4th Cir. 1997). To the contrary, "it is the crime investigated (and thus the scope of investigation obstructed) that controls, and [] the prosecutor need neither obtain a conviction on the underlying offense nor even produce facts in support of it." *United States v. Greer*, 872 F.3d 790, 795 (6th Cir. 2017). Every circuit to have considered the question has reached the same conclusion. *See id.* (collecting cases); *e.g.*, *United States v. Olsen*, 519 F.3d 1096, 1105 (10th Cir. 2008) ("[T]he cross reference only required the judge to find that the perjury interfered with a murder investigation, not that [the defendant] committed a murder."); *United States v. Arias*, 253 F.3d 453, 461 (9th Cir. 2001) ("§ 2J1.2(c)(1) requires cross referencing without regard to whether the underlying offense whose prosecution was obstructed was or is provable."); *McQueen*, 86 F.3d at 182 ("The language of the cross-referencing provision is mandatory when

the offense involves 'obstructing the investigation or prosecution of a criminal offense' without any qualification and without regard to whether defendant or anybody else was convicted of the underlying offense, or whether an offense could be shown to have been committed at all.").

The defendant appears to concede that the Fourth Circuit has rejected his arguments, but he nevertheless urges the Court to disregard that precedent. *See* Def. Obj. at 5, Dk. No. 160 (arguing that the Fourth Circuit erroneously "ignored" his argument). Even if the Court could ignore binding precedent, the defendant's argument is foreclosed not only by the plain language of the guidelines, as explained above, but also by sound policy:

> We find it unlikely that the Guidelines intended that a defendant should avoid or minimize punishment for obstruction of a criminal investigation just because that obstruction was so successful that he prevented a conviction on the underlying crime . . . . More likely, the Guidelines intended that the obstruction of a criminal investigation is punishable even if the prosecution is ultimately unsuccessful or even if the investigation ultimately reveals no underlying crime.

*Greer*, 872 F.3d at 798. The § 2X3.1 cross-reference required under § 2J1.2(c)(1) applies.

## II. Application of the Cross-Reference Does Not Implicate the Defendant's Jury-Trial Right

The defendant next argues that application of the cross-reference would violate his Sixth Amendment right to trial by jury because the cross-reference forces the Court to consider acquitted conduct. Def. Obj. at 5, Dkt. 160. This argument fails, because application of the cross-reference does not require the Court to consider acquitted conduct. The defendant's attempt to relitigate the matter this Court has already decided under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny should be rejected. *See* Mem. Order, Dk. No. 150, March 20, 2020, at 7-8.

By its terms, § 2J1.2(c)(1) requires courts to apply the § 2X3.1 cross-reference "[i]f the offense involved obstructing the investigation or prosecution of a criminal offense." There is no dispute that the defendant was convicted of lying to federal agents about their investigation of the

4

defendant's criminal sexual misconduct. The defendant thus "obstruct[ed] the investigation or prosecution of a criminal offense," whether or not he was convicted of that offense. As the commentary note explains:

> The specific offense characteristics reflect the more serious forms of obstruction. Because the conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense, a cross reference to § 2X3.1 (Accessory After the Fact) is provided. Use of this cross reference will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense, whether such offense was committed by the defendant or another person.

*Id.* cmt. As explained in Part I *infra*, numerous courts have held that "the cross reference in § 2J1.2(c)(1) *must* be applied without regard to the defendant's guilt on the underlying offenses." *Greer*, 872 F.3d at 796 (quoting *Arias*, 253 F.3d at 459) (emphasis added).

The defendant asserts that "a judge cannot override the jury's authorization and select a more severe sentencing range than the jury's verdict permits," Def. Obj. at 6-7, Dkt. 160, but that assertion is as true as it is irrelevant. The USPO properly calculated the guidelines range based upon the defendant's offense of conviction, and the Court is authorized to select a sentencing range up to and including the statutory maximum penalty for that offense. The guidelines do not implicate the statutory minimum or maximum, and thus cases like *Apprendi* and *Alleyne v. United States*, 570 U.S. 99 (2013), are inapplicable. *See* Mem. Order, Dk. No. 150, March 20, 2020, at 7-8; *cf. also, e.g.*, *United States v. Benn*, 572 F. App'x 167, 180 (4th Cir. 2014) ("*Alleyne* ha[s] no application to fact-finding resulting in an increased Guidelines sentence, [because it] dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range.") (quotation marks omitted) (quoting *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014)).

To the extent the defendant means to suggest that the Court categorically may not consider acquitted conduct at sentencing, that suggestion is wrong, as explained in the United States' *Position on Sentencing*. *See* Dk. No. 157 at 3. "[A] district court may consider conduct of which a defendant has been acquitted if the conduct has nonetheless been proved by a preponderance of the evidence." *United States v. Ventura*, 864 F.3d 301, 312 (4th Cir. 2017) (quoting *United States v. Lawing*, 703 F.3d 229, 241 (4th Cir. 2012)).

## CONCLUSION

For the reasons stated above, the United States concurs with the calculations of the U.S. Probation Officer and opposes the defendant's request to rule the cross-reference inapplicable.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

_____/s/_____
Thomas A. Garnett
Virginia Bar No. 86054
Assistant United States Attorney
Attorney for the United States
U.S. Attorney's Office
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
Phone: 804-819-5400
Fax:    804-771-2316
Email: Thomas.A.Garnett@usdoj.gov


_____/s/_____
Kathryn E. Gilbert
Trial Attorney
Civil Rights Division

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

I also hereby certify that on June 22, 2020, I emailed a true and accurate copy to the following:

Timothy J. Foote
United States Probation Officer
Suite 1150
701 East Broad Street
Richmond, Virginia 23219

                                                                                   /s/
                                             Thomas A. Garnett
                                             Virginia Bar No. 86054
                                             Assistant United States Attorney
                                             Attorney for the United States
                                             U.S. Attorney's Office
                                             919 E. Main Street, Suite 1900
                                             Richmond, Virginia 23219
                                             Phone: 804-819-5400
                                             Fax:    804-771-2316
                                             Email: Thomas.A.Garnett@usdoj.gov