IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,                                          Plaintiff,

v.                              Criminal No.: 3:19CR104

CHIKOSI LEGINS,                                                    Defendant.

**RESPONSE PURSUANT TO MEMORANDUM ORDER**

Comes now your defendant, Chikoski Legins (hereinafter "Chikosi"), by counsel, and in Response to the Court's Order ECF#71 and states as follows:

In Memorandum Order dated June 30, 2020, the court requested the defendant's positions on:

1. Any additional objections to the calculations of the guidelines based on the court's comments in the sentencing hearing on June 29, 2020;

2. Any basis for a downward variance or defense to an upward variance; and

3. Factors to be considered by the court under 18 U.S.C. 3553(a).

They are taken in Order.

**1.   Objections to the Calculation of the Guidelines**

In its Memorandum Order, the court determined that the United Stated proved, by a preponderance of the evidence, that the defendant violated 18 U.S.C. Section 2244(a)(4) during the March 18, 2018 offense.  The court then determined that the United States proved beyond a preponderance of the evidence that the defendant penetrated B.L.'s anus during the May 10, 2018 offense.  Based on these findings, the probation officer prepared a Second  Addendum to Presence Report.  Under the Second Addendum, the probation officer has correctly calculated the guidelines as directed by the court after grouping the two counts.  Legins'

1

agreement to the calculation , however, is not intended to waive or agree to the methodology or or constitutionality prescribed by the court with the regard to the findings. Specifically, the sentencing court adopted, as fact, the arguments made by the prosecution during trial and disregarded other unexplained evidence, particularly with respect to the May 10, 2018 incident. With respect to the May 10, 2018 incident, the court placed no weight on evidence which obviously had some impact on the jury, including but not limited to:

1. B.L. had tissue paper on the exterior of his anus which was inconsistent, pursuant to defense counsel's expert, with penetration of any type.
2. The rape kit introduced by the government, and testified to by the defense's expert witness, showed no injury, whatsoever, to the victim, including the slightest injury of a tissue micro tear which would have been revealed by a dye examination provided as part of the rape kit. B.L. described this incident as violent and which lasted five minutes, separate and apart from any other conduct.
3. There was no evidence of any bruising during the forensic exam, or mention of any contact to the face that would cause a bruise, revealed 14 days later at another facility.
4. The victim researched how to frame officers for monetary gain.
5. The time frame from entry of the door to the exit of the door in which any activity could have occurred, after deducting basic walking time as testified to be defense counsel's private investigator, was inconsistent with the testimony of B.L.

The court, in its opinion, found "some sort" of sexual contact in the March offense. That unknown sexual contact, Legins argues, is all that can be found by a preponderance of the evidence, for either incident, if anything. Defense counsel understands the court's ruling with respect to consideration of acquitted conduct and uncharged conduct. Legins argues, however, that this particular fact pattern leans more towards unknown conduct.

Having said that, even if the ruled that the May 10, 2018 conduct was only a sexual contact under 18 U.S.C. 2246(3), the end result would be the same in that the initial base offense level of 2J1.2 would create an adjusted offense level range of 18, which would be greater than either of the cross references applied under 5A or 5B of the Second Addendum to the Presentence Report.

**2. Basis for Variance**

Defense counsel had previously filed a Motion for Downward Variance based on the initial finding of the probation officer which required a term of 96 months. The defendant argued that a term of incarceration of 96 months was greater than necessary to punish the defendant based on, among other things, the acquittal by the jury of the conduct upon which the obstruction of justice count was based, and the history and characteristics of the defendant. See Position Sentencing, ECF#159. It was also based on the factual circumstances of the offense insofar as, while the court has ruled that the defendant's obstruction was material, Legins argued that the collateral evidence already obtained by the government, when compared to the obstruction, would have had little impact on any charging decision ultimately made by the government. In reality, the interview was essentially an attempt to obtain Legins' confession. In #159, counsel moved for a variance down to 12 months.

Based on the court's ruling, your defendant maintains that a variance is still warranted. The appropriate range found under the Second Addendum to Presentence Report created a range of

3

27-33 months based on a total offense level of 18, history catergory I. Defense counsel hereby revises its prior Request for Variance to reflect that the variance be granted to sentence the defendant to a sentence of no greater than 15 months for the following reasons.

As previously argued, all that has been established is that some type of sexual consensual contact occurred both on March 18, 2018 and May 10, 2018. If the case, the only crimes that could have been established by a preponderance of the evidence were crimes under 18 U.S.C. Section 2244. The guideline section for convictions under 2244, under 2A3.4 would start at base offense level of 12, which would then be adjusted under 2A3.4(b)(3) by an additional two levels insofar as the victim was under the care of the defendant. That would create an adjusted offense level of 14 with a category I sentencing history, creating a guideline range of 15-22 months.

Legins would argue that a 15 month sentence should be considered insofar as it would be contrary to the concept of justice to have the defendant sentenced to more incarceration under 18 U.S.C. 1001, than the actual crime upon which the defendant would have committed by a preponderance of the evidence, which was a crime under 2244. That being the case, Legins would argue that a sentence of 15 months would not be greater than necessary to punish the defendant for the facts which the court has found by a preponderance of the evidence.

With respect to anticipated upward variance motions, the court has requested the defendant to address similar alleged conduct by the defendant with another inmate at FCI Petersburg, G.L and alleged sexual misconduct while serving as a deputy at the Richmond Sheriff's Office in 2008. The court has placed the defendant on notice that it would consider an upward variance based on its own initiative.

If so, Legins again asserts that these assertions, at a minimum, would have to be relevant and reliable. While the court may have discretion, Legins argues that it would be an abuse of the

4

court's discretion to utilize the hearsay testimony of Special Agent Lavender to relay potential alleged misconduct between Legins and G.L. Specifically, G.L. (1) has an extensive criminal record, including false information to law enforcement, (2) had no corroborating information or physical evidence whatsoever of her version of events, other than her own recollection, (3) the defendant's work history and schedule, compared to the dates that G.L. that the defendant were even in the proximity to one another, were inconsistent, (4) G.L. was present for trial and could have been called by the government which failed to do so, and, (5) G.L. could have been available for sentencing to testify about these events and the goverment failed to require her to appear. Accordingly, the United States, as a matter of strategy, chose to avoid the ability of the defendant to confront and/or cross-examine G.L., in addition to precluding this court from making a visual assessment of G.L.. The court should not place any weight on G.L.'s version of events for purposes of an upward variance or toward the 3553(a) factors.

The next event occurred while Legins was employed by the Richmond City Sheriff's Office. On April 7, 2008, a complaint was made about Deputy Legins by inmate Crystal Washington. Crystal Washington was a ward at the Richmond City Jail. Crystal Washington alleged that Legins, in a housing unit where Legins was not assigned, asked Washington to "show him something" and "what you got under that dress". Legins allegedly came back to her cell at other times throughout the day, and called out Washington's name. There was no evidence that any physical contact was made. Legins was cited with being in Washington's particular location within the jail, without reason or justification, in an attempt to make contact with a female. The defendant received an administrative suspension of five days with three days suspended. Legins continued to work with the City of Richmond Sheriff's Office until, at some point later in 2008, he accepted the job at the Petersburg Sheriff's Office. There were no records of any additional

accusations made. In fact, contrarily, the probation office was made aware of the defendant's outstanding employment record. Even if Washington's accusation was adopted as true, this was not an incident of an attempt to make actual sexual contact with a ward, or the grooming of an inmate. This incident should not be considered as a basis for upward departure, or for 3553(a) factors.

3. **3553(a)**

The defendant has previously filed his Position paper which is incorporated herein by reference. There are no additions. The United States is asking the court to ignore the positive attributes of Legins' history, including, but not limited to, the attributes reflected in all of the testimonials provided by friends, family and relatives; the oustanding contributions that the defendant has made both to his family and to his community; and his service to this country, including two out of the country deployments. To do that, they ask this court to adopt the accusations of two people, Washington and GL, who they did not call as witnesses, to argue that these people in the community, who have NO problem with credibilty, have missed the boat. All of these people are wrong, and the career felon with no corroboration is right. A two day work suspension for unnecessary conduct that happened 8 years prior to the date of the offense should trump all of these other character references. Considering the uncertainty of the sexual act upon which this sentence is being based, Legins would argue that the variance requested is appropriate.

Respectfully Submitted,
Chikosi Legins
By: _____/s/_____

Charles A. Gavin, Esquire
Virginia State Bar #: 31391
Attorney for Chikosi Legins
Cawthorn, Deskevich & Gavin, P.C.
1409 Eastridge Road

6

Richmond, VA 23229
(804)288-7999
(804)285-9015 *facsimile*
E-Mail: c.gavin@cawthorn.net

## **CERTIFICATE**

I hereby certify that this 6th day of July, 2020, I will electronically file the foregoing the Clerk of the Court using the CM/ECT system which will then mail a copy of such filing to Heather Hart Mansfield, Esquire, Assistant United States Attorney.

By:_____/s/_____
Charles A. Gavin, Esquire
Virginia State Bar #: 31391
Attorney for Chikosi Legins
Cawthorn, Deskevich & Gavin, P.C.
1409 Eastridge Road
Richmond, VA 23229
(804)288-7999
(804)285-9015 *facsimile*
E-Mail: c.gavin@cawthorn.net