IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,                                        Plaintiff,

v.                                    Criminal No.: 3:19CR104

CHIKOSI LEGINS,                                                  Defendant.

### RESPONSE PURSUANT TO ORDER #169

Comes now your defendant, Chikoski Legins (hereinafter "Chikosi"), by counsel, and in Response to the Court's Order ECF#169 and states as follows:

### OPENING

The United States has filed a motion for upward variance and Legins has already addressed that argument in Legins Position (ECF 176).  The United States has also objected to the court's determination of the guideline range.  The court has now asked the defendant to address whether the 6th Circuit Court of the United States v. Greer controls the application of the cross-reference in this particular case.

### LAW AND ARGUMENT

In United States v. Greer, 872 F.3d 790 (6th Cir. 2017, the sentencing court ruled that the government is not required to establish the underlying offense at all.  Greer was a 6th Circuit case that relies on another 6th Circuit case primarily for its ruling.  See United States v. Kimball, 305 F.3rd 486 (6th Cir. 2002).  Defense counsel cannot find any 4th Circuit case that has specifically adopted either Kimball or Greer.  It appears that the controlling law on this issue in the 4th Circuit remains to be United States v. Dickerson, 114 F.3d 464 (4th Cir. 1997).  In Dickerson, the government urged the appellate court to provide direction that sentencing courts must "invariably" sentence a defendant to the most serious underlying offense that was charged.  The

4th Circuit refused to do so.  "We cannot so hold".  See United States v. Dickerson.  The court further held that "determination of the proper underlying offense is a factual inquiry for the district court of the first instance. Id.

While the court, under Dickerson, does not have to look for a conviction, the 4th Circuit ruled that the sentencing court was not required to make the underlying offense the most serious charged offense.  The district court's finding, per Dickerson, as to what consitutes the underlying offense, like any factual finding, must be supported by the evidence.  In this case, the court has already decided, using its own analysis, that the underlying offense of aggravated sexual abuse was not established as the underlying offense.  That being the case, Greer should not apply.

In this case, as the court noted previously, Legins was never advised that he was being investigated for a rape or aggravated sexual abuse.  He was advised prior to Miranda warnings that he was being investigated for sexual abuse.  Tr p 3. L16-21.

> No sexual activity occurred? Tr. p 27,ll 21.
> Any form of consensual sex? p 23
> Consensual or forceful?   p 32
> No interaction sexually? p. 37
> Oral sex on penis?   p. 38
> Pull his pants down? p. 38
> Any sexual contact, consensual or nonconsensual?   p. 82
> Sexual contact? p. 86

The use of the word "rape" was only offered by Legins in a hypothetical context.  The Special Agent's question were mostly broad in nature.  It was appropriate for the court to make a factual finding on the underlying offense.  It did.  The court ruled that the aggravated sexual abuse count as the underlying offense had not been established by even a preponderance. So, what the government is arguing is that the court has no discretion to rule differently based on the government's charging decisions.  Dickerson warns against just that.  Additionally, the premise

under the caselaw is that punishment should be more severe in situations where the underlying offense is more severe.   If the court has ruled that that the underlying offense was not established by a preponderance, how can it be argued that the defendant's sentence should be increased to reflect a more serious underlying offense, when the underlying offense was not established?

## **CONCLUSION**

The <u>Dickerson</u> case does not require the court to blindly base the cross reference on the most serious charged underlying offense.   It should not matter whether the United States did, or did not, abuse its authority in its charging decisions to create leverage.   What should matter is whether there is evidence to support the cross-reference.

Respectfully Submitted,<br>
Chikosi Legins<br>
By:      _____/s/_____

Charles A. Gavin, Esquire
Virginia State Bar #: 31391
Attorney for Chikosi Legins
Cawthorn, Deskevich & Gavin, P.C.
1409 Eastridge Road
Richmond, VA 23229
(804)288-7999
(804)285-9015 *facsimile*
E-Mail: c.gavin@cawthorn.net

3

## **CERTIFICATE**

I hereby certify that this 10th day of July, 2020, I will electronically file the foregoing the Clerk of the Court using the CM/ECT system which will then mail a copy of such filing to Heather Hart Mansfield, Esquire, Assistant United States Attorney.

By:_____/s/_____
Charles A. Gavin, Esquire
Virginia State Bar #: 31391
Attorney for Chikosi Legins
Cawthorn, Deskevich & Gavin, P.C.
1409 Eastridge Road
Richmond, VA 23229
(804)288-7999
(804)285-9015 *facsimile*
E-Mail: c.gavin@cawthorn.net