1

1          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF VIRGINIA
2                RICHMOND DIVISION

3  _____
                                 )
4  UNITED STATES OF AMERICA       )
                                 )
5  v.                             )    Criminal Case No.:
                                 )    3:19 CR 104
6  CHIKOSI LEGINS                 )
   _____)
7                                      February 11, 2020
                                      VOLUME IV
8
      JURY INSTRUCTIONS EXCERPT TRANSCRIPT OF JURY TRIAL
9                      PROCEEDINGS
          BEFORE THE HONORABLE DAVID J. NOVAK
10           UNITED STATES DISTRICT COURT JUDGE

11  APPEARANCES:

12  Thomas A. Garnett, Esquire
   OFFICE OF THE UNITED STATES ATTORNEY
13  919 East Main Street, Suite 1900
   Richmond, Virginia 23219
14
   Kathryn E. Gilbert, Esquire
15  UNITED STATES DEPARTMENT OF JUSTICE
   950 Pennsylvania Avenue NW, 4025 NYA
16  Washington, DC 20530

17          Counsel on behalf of the United States

18

19  Charles A. Gavin, Esquire
   CAWTHORNE DESKEVICH & GAVIN PC
20  1409 Eastridge Road
   Richmond, Virginia 23229
21
          Counsel on behalf of the Defendant
22

23

24              TRACY J. STROH, RPR
              OFFICIAL COURT REPORTER
25          UNITED STATES DISTRICT COURT

1    (The following are the jury instructions from

2    the trial held in this matter:)

3                    * * * * * * * *

4

5    THE COURT:  I'm going to begin with Instruction

6 Number 1 with the introduction to the final charge and the

7 province of the Court and the jury.

8         Members of the jury, now you have heard all the

9 evidence that is to be received in this trial, and each of

10 the arguments of counsel will occur.  After that, it

11 becomes my duty then to give you one final instruction

12 and -- now to give you the final instructions of the Court

13 that is applicable to this case.  You should use these

14 instructions to guide you in your decisions.  All the

15 instructions of law given to you by the Court, those given

16 to you at the beginning of the trial, those given to you

17 during the trial, and these final instructions must guide

18 and govern your deliberations.  It is your duty as jurors

19 to follow the law as stated in all the instructions of the

20 Court and to apply these rules of law to the facts as you

21 find them to be from the evidence received during the

22 trial.

23         Now, counsel -- I will step back and tell you.

24 We wrote these instructions with the idea I was going to

25 give the instructions after the argument.  So I flipped

1    them, which is a little -- we just moved it around, the

2    order, just because of timing.  So you might see me

3    anticipating them arguing, having completed it, but

4    anyhow.  In their arguments, counsel may properly refer to

5    some of the applicable rules of law in their closing

6    arguments to you.  If, however, any differences appear to

7    you between the law as stated by counsel and that as

8    stated by the Court in these instructions, you, of course,

9    are to be governed by the instructions given to you by me,

10   the Court.  You are not to single out any one instruction

11   alone as stating the law, but must consider the

12   instructions as a whole in reaching your decisions.

13          Neither are you to be concerned with the wisdom

14   of any rule of law as stated by the Court.  Regardless of

15   any opinion that you may have as to what the law ought to

16   be, it would be a violation of your sworn duty to base any

17   part of your verdict upon any other view or opinion of the

18   law than given in these instructions by me just as it

19   would be a violation of your sworn duty, as the judges of

20   the facts, to base your verdict upon anything but the

21   evidence received in the case.

22          You were chosen as jurors for this trial in

23   order to evaluate all of the evidence received and to

24   decide each of the factual questions presented by the

25   allegations brought by the government in the indictment

and the plea of not guilty entered by the defendant.  In
resolving the issues presented to you for decision in this
trial, you must not be persuaded by bias, prejudice or
sympathy for or against any of the parties to this case or
by any public opinion.  Justice, through trial by jury,
depends upon the willingness of each individual juror to
seek the truth from the same evidence presented to all the
jurors here in the courtroom and then to arrive at a
verdict by applying the same rules of law as now being
given to each of you in these instructions of the Court.

Let's talk about judging the evidence.  There is
nothing particularly different in the way that a juror
should consider the evidence in a trial from that in which
any reasonable and careful person would deal with any very
important question that must be resolved by examining
facts, opinions, and evidence.  You are expected to use
your good sense in considering and evaluating the evidence
in the case.  Use the evidence for only those purposes for
which it has been received and given the evidence -- and
give the evidence a reasonable and fair construction in
the light of your common knowledge of the natural
tendencies and inclinations of human beings.

If the defendant is proven guilty beyond a
reasonable doubt, you must say so.  If not proved guilty
beyond a reasonable doubt, then you must say so.  Keep

1  constantly in mind that it would be a violation of your

2  sworn duty to base a verdict upon anything other than the

3  evidence received in the case and the instructions of the

4  Court.  Remember as well that the law never imposes upon a

5  defendant in a criminal case their burden or duty of

6  calling any witnesses or producing any evidence because

7  the burden of proving guilt beyond a reasonable doubt

8  always rests with the government.

9          I'm going to turn to Instruction Number 3

10  regarding the evidence received in this case.  It includes

11  stipulations, judicial notice, and inferences permitted.

12  The evidence in this case consists of the sworn testimony

13  of the witnesses, regardless of who may have called them,

14  all exhibits received in evidence, regardless of who may

15  have produced them, and all facts which may have been

16  argued to or stipulated, and all facts and events which

17  may have been judicially noticed.  I haven't noticed

18  anything, but I'm telling you that.

19          When the attorneys on both sides stipulate or

20  agree as to the existence of a fact, you should accept the

21  stipulation as evidence, and you should regard that fact

22  as proven.  And that's occurred, as you know, a number of

23  times throughout this trial, and we will give you those

24  stipulations.

25          The instructions say the Court has taken

1  judicial notice of certain facts or evidence.  I haven't

2  really taken any notice here, but if I had, when I declare

3  such notice, you then accept my declaration as true.  But,

4  again, that's not -- it hasn't occurred here.

5          Any proposed testimony or proposed exhibit to

6  which an objection was sustained by the Court and any

7  testimony or exhibit ordered stricken by the Court must be

8  entirely disregarded.  And that happened a couple times

9  where I said to strike the testimony.  You've got to

10  ignore that.

11          Anything that you may have seen or heard outside

12  the courtroom is not evidence and must be entirely

13  disregarded.

14          Questions, objections, statements and arguments

15  of counsel are not evidence in the case unless made as an

16  admission or stipulation of fact.

17          You are to base your verdict only on the

18  evidence received in the case.  In your consideration of

19  the evidence received, however, you are not limited to the

20  bald statements of the witnesses or to the bald assertions

21  in the exhibits.  In other words, you're not limited

22  solely to what you see and hear as the witnesses testify

23  or as the exhibits are admitted.  You're permitted to draw

24  from the facts which you have found to be proved such

25  reasonable inferences as you feel were justified in the

1    light of your experience and common sense.

2            Let's talk about direct and circumstantial

3    evidence.  I talked a little bit about this in the opening

4    instructions, but I'm going to go over it again.  There

5    are two types of evidence which are generally presented

6    during a trial, direct evidence and circumstantial

7    evidence.  Direct evidence is the testimony of a person

8    who asserts or claims to have actual knowledge of a fact,

9    such as an eyewitness who says I saw that.  That's the

10   direct evidence.  Circumstantial evidence is the proof of

11   a chain of facts and circumstances indicating the

12   existence of a fact.  The law makes no distinction between

13   the weight or value to be given to either direct or

14   circumstantial evidence.  Nor is a greater degree of

15   certainty required of circumstantial evidence than of

16   direct evidence.  You should weigh all the evidence in the

17   case.

18           Let me talk to you about inferences.  Inferences

19   are simply deductions or conclusions which reason and

20   common sense lead the jury to draw from the evidence

21   received in the case.

22           Let me talk about the power of your

23   recollection.  If any reference by the Court or by counsel

24   to matters of testimony or exhibits does not coincide with

25   your own recollection of that evidence, it is your

1  recollection which should control during deliberations and

2  not the statements of the Court or of counsel.  You alone

3  are the sole judges of the evidence received in this case.

4         Let me talk to you about questions that were not

5  in evidence.  The questions, as I said before, asked by a

6  lawyer for either party to this case are not evidence.  If

7  a lawyer asks a question of a witness which contains an

8  assertion of a fact, therefore, you may not consider the

9  assertion by the lawyer as any evidence of that fact.

10 Only the answers are the evidence.

11        Let's talk about the separate counts that are

12 charged.  A separate crime is charged in each count of the

13 indictment.  Each charge, and the evidence pertaining to

14 it, should be considered separately by the jury.  The fact

15 that you may find the defendant guilty or not guilty as to

16 one of the counts should not control your verdict as to

17 any other one of the charges that are set forth.

18        Let me talk to you about the burden of proof and

19 reasonable doubt.  I instruct you that you must presume

20 the defendant to be innocent of the crimes charged.  Thus,

21 the defendant, although accused of crimes in the

22 indictment, begins the trial with a clean slate, so to

23 speak, which means with no evidence -- with no evidence

24 against him.  The indictment, as you already know, is not

25 evidence of any kind.  The law permits nothing but legal

evidence presented before the jury and Court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit a defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one simply of reasonable doubt. The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture. The burden of proof is upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that the defendant is guilty of the charge, then the jury must acquit.

Objections and rulings. Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It's the sworn duty of the attorney on each side of a case to object when the other side offers testimony or any exhibit which that

1   attorney believes is not properly admissible under the

2   rules of law.  Only by raising an objection can a lawyer

3   request and obtain a ruling from the Court on the

4   admissibility of the evidence being offered by the other

5   side.  You should not be influenced against an attorney or

6   his client because the attorney has made objections.

7          Do not attempt, moreover, to interpret my

8   rulings on objections as somehow indicating how I think

9   you should decide this case.  I simply make a ruling on a

10  legal question regarding the particular piece of testimony

11  or exhibit.  And that's true even I've chastised one of

12  the lawyers who, in their zeal to do something, I might

13  have said knock it off, basically, right.  You don't hold

14  that against any of the lawyers.  That's just me telling

15  them to keep the case moving forward.

16         Let's go to the indictment is not evidence.  An

17  indictment is only a formal method used by the government

18  to accuse a defendant of a crime.  It is not evidence of

19  any kind against the defendant.  The defendant is presumed

20  to be innocent of the crime charged.  Even though this

21  indictment has been returned against the defendant, the

22  defendant begins this trial with absolutely no evidence

23  against him.

24         The defendant has pled not guilty to this

25  indictment, and therefore, he denies that he is guilty of

1   the charges.

2           Let me explain to you the term "on or about"

3   that's set forth in the indictment.  The indictment

4   charges that the offenses alleged in the indictment were

5   committed on or about a certain date.  Although it is

6   necessary for the government to prove beyond a reasonable

7   doubt that the offense -- beyond a reasonable doubt that

8   the offenses were committed on a date reasonably near the

9   date alleged in the indictment, it is not necessary for

10  the government to prove that the offense was committed

11  precisely on the date that was charged.  We're going to

12  give you a copy of the indictment, too, as well.

13          Let me talk to you about credibility of

14  witnesses generally.  You, as jurors, are the sole and

15  exclusive judges of the credibility of each of the

16  witnesses called to testify in this case, and only you may

17  determine the importance or the weight, if any, that their

18  testimony deserves.  After making your assessment

19  concerning the credibility of a witness, you may decide to

20  believe all that witness' testimony, only a portion of it,

21  or none of it.

22          In making your assessment of that witness, you

23  should carefully scrutinize all the testimony given by

24  that witness, the circumstances under which each witness

25  has testified, and all the other evidence which tends to

1  show whether a witness, in your opinion, is worthy of

2  belief.  Consider each witness' intelligence, their motive

3  to testify, their state of mind, and appearance and manner

4  while on the witness stand.  Consider the witness' ability

5  to observe the matters as to which he or she has testified

6  and consider whether he or she impresses you as having an

7  accurate memory on recollection of these matters.

8  Consider also any relation that a witness may bear to

9  either side of the case, the manner in each -- the manner

10  in which each witness might be affected by your verdict,

11  and the extent to which, if at all, each witness is either

12  supported or contradicted by other evidence in the case.

13         Inconsistencies or discrepancies in the

14  testimony of a witness or between the testimonies of

15  different witnesses may or may not cause you to believe or

16  discredit such testimony.  Two or more persons witnessing

17  an incident or a transaction may simply see or hear it

18  differently.  Innocent misrecollection, like a failure of

19  recollection, is not an uncommon human experience.  And in

20  weighing the effect of a discrepancy, however, always

21  consider whether it pertains to a matter of importance or

22  an insignificant detail and consider whether the

23  discrepancy results from innocent error or from

24  intentional falsehood.

25         After making your own judgment or assessment

1  concerning the believability of a witness, you can then

2  attach such importance or weight to that testimony, if

3  any, that you feel it deserves.  You will then be in a

4  position to decide whether the government has proven the

5  charges beyond a reasonable doubt.

6         Let me talk to you about impeachment by prior

7  conviction, Instruction Number 14.  You may consider

8  evidence that a witness was convicted of a crime only in

9  deciding the believability of his testimony.  You may not

10 consider it for any other purpose.

11        Let me talk to you about the number of

12 witnesses.  Do not make any decisions simply by counting

13 the number of witnesses who testified about a certain

14 point.  You may find that the testimony of one witness or

15 a few witnesses is more persuasive than the testimony of a

16 larger number.  You need not accept the testimony of the

17 larger number of witnesses.  What is important, however,

18 is how truthful and how accurate the witnesses were and

19 how much weight you think each of their testimony

20 deserves.

21        Instruction Number 16, credibility of the

22 witnesses, inconsistent statement.  You have heard

23 evidence that before the trial, a witness may have made a

24 statement that may be inconsistent with their testimony

25 here in court.  You may consider an inconsistent statement

1  made before the trial only to help you decide how

2  believable a witness' testimony was here in court.  If an

3  earlier statement was made under oath, you can also

4  consider the earlier statement as evidence of the truth of

5  whatever the witness said in the earlier statement.

6          Instruction Number 17 was intentionally omitted

7  because it doesn't apply to this case.  So just ignore

8  that.

9          Instruction Number 18, effect of the defendant's

10  failure to testify.  The defendant in a criminal case has

11  an absolute right under our Constitution not to testify.

12  The fact that the defendant did not testify must not be

13  discussed or considered in any way when deliberating and

14  in arriving at your verdict.  No inference of any kind may

15  be drawn from the fact that a defendant decided to

16  exercise his privilege that is granted under the

17  Constitution and he did not testify.  As stated before,

18  the law never imposes upon a defendant in a criminal case

19  the burden or duty of calling any witnesses or of

20  producing any evidence.

21          Let's talk about opinion evidence.  We had a

22  number of expert witnesses, and I told you at some point I

23  would give you some further instructions.  Well, now is

24  the time for that.  The rules of evidence ordinarily do

25  not permit witnesses to testify as to their own opinion or

1  to their own conclusions about important questions in a

2  trial.  An exception to this rule exists as to those

3  witnesses who are described as expert witnesses.  An

4  expert witness is someone who, by education or by

5  experience, may have become knowledgeable in some

6  technical, scientific, or very specialized area.  If such

7  knowledge or experience may be of assistance to you in

8  understanding some of the evidence or in determining a

9  fact, an expert witness in that area may state an opinion

10  as to a matter in which he or she claims to be an expert.

11          You should consider each expert opinion received

12  in evidence in this case and give it such weight as you

13  may think it deserves.  You should consider the testimony

14  of expert witnesses just as you should consider other

15  evidence in this case.  You should decide that the opinion

16  of an expert witness is not decided -- is not based -- I'm

17  sorry.  If you should decide that the opinion of an expert

18  witness is not based upon sufficient education or

19  experience, or if you should conclude that the reasons

20  given in support of the opinion are not sound, or if you

21  should conclude that the opinion is outweighed by other

22  evidence, you may then disregard the opinion in part or in

23  its entirety.  As I have told you several times, you, the

24  jury, are the sole judges of the facts of this case.

25          I'm going to define for you now the term

1  "knowingly."  The term "knowingly," as used in the

2  indictment and in these instructions to describe the

3  alleged state of mind of the defendant, means that he was

4  conscious and aware of his actions, realized what he was

5  doing or what was happening around him, and did not act

6  because of ignorance, mistake, or accident.

7       I'm going to talk to you about a term of

8  evidence called Rule 404(b) evidence.  Evidence that an

9  act was done or that an offense was committed by the

10 defendant at some other time is not, of course, any

11 evidence or proof whatever that at another time the

12 defendant performed a similar act or committed a similar

13 offense, including the offenses charged in this

14 indictment.

15      Evidence of a similar act or offense may not be

16 considered by the jury in determining whether the

17 defendant actually performed the physical acts charged in

18 this indictment.  Nor may such evidence be considered for

19 any other purpose whatever unless the jury first finds

20 beyond a reasonable doubt from other evidence in the case,

21 standing alone, that the defendant physically did the acts

22 charged in the indictment.

23      If the jury should find beyond a reasonable

24 doubt from other evidence in the case that the defendant

25 did the acts or acts alleged in the particular count under

1  consideration, the jury may then consider evidence as to

2  an alleged earlier act of a like manner in determining the

3  state of mind or intent with which the defendant acted or

4  actually did the act or acts charged in the particular

5  count.

6          The defendant is not on trial for any acts or

7  crimes not alleged in the indictment.  Nor may a defendant

8  be convicted of the crimes charged if you were to find he

9  committed other crimes, even crimes similar to ones

10  charged in this indictment.

11          Now I'm going to start giving you the specific

12  instructions pertaining to the individual charges that are

13  set forth in the indictment, beginning with Count One,

14  which alleges deprivation of rights under color of law.

15  The indictment charges in Count One that on or about

16  May 10th of 2018, in the Eastern District of Virginia, the

17  defendant, Chikosi Legins, while acting under color of

18  law, used his penis to penetrate B.L., Brandon Lemagne's

19  mouth and anus against B.L.'s will, thereby willfully

20  depriving B.L. of the right, secured and protected by the

21  Constitution and laws of the United States, not to be

22  subjected to cruel and unusual punishment.  This act

23  included aggravated sexual abuse and attempted aggravated

24  sexual abuse and resulted in bodily injury to B.L., in

25  violation of Title 18, United States Code, Section 242.

1          Now I'm going to go through defining the

2     different aspects of that.  The statute, Section 242 of

3     Title 18 of the United States Code provides, in part, that

4     whoever, under color of any law, willfully subjects any

5     person in any state to the deprivation of any rights,

6     secured or protected by the Constitution or the laws of

7     the United States, shall be guilty of an offense against

8     the United States.

9          Let me talk to you by elements.  You heard me

10    reference elements before.  It's the different parts of

11    what the government has to prove for each of the offenses.

12    The elements of the offense for Count One regarding

13    deprivation of rights under color of law.  In order to

14    sustain its burden of proof for the crime charged in

15    Count One of the indictment, the government must prove the

16    following essential elements beyond a reasonable doubt:

17         First, that the defendant deprived B.L. of a

18    right which is secured or protected by the Constitution or

19    laws of the United States;

20         Second, the defendant acted under color of law

21    when depriving B.L. of a constitutional right; and

22         Third, the defendant acted willfully to deprive

23    B.L. of such rights -- such right.

24         I will now instruct you on the meaning of each

25    of these three elements.  The first element of the offense

1    charged pertains to the deprivation of rights.  The first

2    element the government must prove is that the conduct of

3    the defendant deprived B.L. of a right secured and

4    protected by the Constitution or the laws of the

5    United States.

6              The indictment charges that the defendant

7    deprived B.L. of the right not to be subjected to cruel

8    and unusual punishment and that he did so by using his

9    penis to penetrate B.L.'s mouth and anus against B.L.'s

10   will.  The Court instructs you that the right to be free

11   from cruel and unusual punishment is a right secured and

12   protected by the Constitution and the laws of the

13   United States.

14             Sexual abuse of a prison inmate by a

15   correctional officer is cruel and unusual punishment, and

16   therefore violates the Constitution.  Sexual abuse

17   includes engaging in a sexual act with an inmate without

18   the inmate's consent.  To determine whether this element

19   has been proved, you must determine if the defendant

20   committed the sexual acts described in Count One of the

21   indictment, and if so, you must determine if he acted

22   without the inmate's consent.  The United States bears the

23   burden of proving a lack of consent.  It is not the

24   defendant's burden to prove the existence of consent.

25             So first, you must determine if the defendant

penetrated B.L.'s mouth or anus with his penis, however slightly.  You need not find that the defendant penetrated both the mouth and anus of B.L.  Rather, you need only find that he penetrated either B.L.'s mouth or B.L.'s anus.  If you determine that the defendant engaged in this conduct, you must then determine whether he did so without B.L.'s consent.

In determining whether or not B.L. consented to the sexual act, you may consider all evidence relating to the context in which the alleged act occurred, including, among other things, whether the defendant used physical force, the kind of relationship that existed between the defendant and B.L., including the extent to which the defendant had power over B.L.; any disparity in size between the defendant and B.L., anything that the defendant said or did before, during, or after the sexual act, including whether the defendant gave any verbal commands; and any comments that B.L. made before, during, or after the sexual act.

If you find that B.L. agreed to a sexual act but did so because of threats, coercion, or duress, then B.L. did not consent to the sexual act.

Instruction Number 26, the second element of the offense charged in Count One, which is under color of law. The second element that the government must prove is that

the defendant acted under color of law.  The phrase "under color of any law" means the real or purported use of authority provided by law.  A person acts under color of any law when that person acts in his official capacity or claims to act in his official capacity.

Acts committed under color of any law include not only the actions of federal officials within the limits of their lawful authority, but also the actions of federal officials who exceed the limits of their lawful authority while purporting or claiming to act in performance of their official duties.  In other words, color of law includes misuse of lawful authority.

If you find that the defendant was a correctional officer with the Bureau of Prisons and that he acted or gave the appearance of acting as a correctional officer at the time of the charged incident, then you may find that he acted under color of law.

The third element of the offense charged pertains to willfulness.  The third element the government must prove is that the defendant acted willfully.  A person acts willfully if he acts voluntarily and intentionally with the specific intent to do something that the law forbids.  In this case, the government must prove that the defendant intended to deprive B.L. of the right to be free from cruel and unusual punishment, which

1  includes the right to be free from sexual abuse by a

2  corrections officer.

3       Although the government must prove beyond a

4  reasonable doubt that the defendant voluntarily and

5  deliberately did an act that deprived the person

6  identified in the indictment of a right guaranteed and

7  protected by the Constitution, it is not necessary for the

8  government to prove that the defendant knew that this

9  action would actually violate anybody's constitutional

10  rights.  You must, however, find that the defendant acted

11  with the bad purpose of doing what the Constitution

12  forbids.

13       Willfulness may be proved through circumstantial

14  evidence.  You may infer the defendant's state of mind

15  from all the surrounding circumstances.  In determining

16  whether the defendant acted willfully, you may consider

17  any facts or circumstances you deem relevant, including

18  what the defendant said, what the defendant did or failed

19  to do, how the defendant acted and whether the defendant

20  knew, through policies, training, or experience, that his

21  actions were unlawful.  If you find that the government

22  has proved -- I'm sorry.  If you find that the government

23  has proved these three elements beyond a reasonable doubt,

24  then you should find the defendant guilty of Count One.

25  If, however, you find that the government has not met its

1   burden to prove all three elements beyond a reasonable

2   doubt, then you should find the defendant not guilty of

3   Count One.

4              I'm going to define for you bodily injury and

5   aggravated sexual abuse and attempted aggravated sexual

6   abuse as alleged in Count One.  If you find the defendant

7   guilty as charged in Count One of the indictment, you must

8   then additionally determine whether the government has

9   proved that the defendant's acts as charged in Count One

10  resulted in bodily injury to B.L. and/or included sexual

11  aggravated sexual abuse or attempted aggravated sexual

12  abuse.  The additional two findings should be considered

13  separately.  If you find the defendant not guilty as

14  charged in Count One of the indictment, however, you need

15  not consider questions 1a and 1b on the verdict form.

16  I'll go over that at the end.  You'll have the verdict

17  form.  It's attached to your instructions.

18             The term "bodily injury" includes any of the

19  following:  A cut, abrasion, bruise, burn, or

20  disfigurement; physical pain; illness; impairment of the

21  function of a bodily member, organ, or mental faculty; or

22  any other injury to the body, no matter how temporary.

23  Physical pain, no matter how fleeting, satisfies this

24  element.

25             The term "aggravated sexual abuse" means

knowingly causing another person to engage in a sexual act by using force against that person.

The term "knowingly" means that the defendant was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

The term "force" includes physical force sufficient to overcome, restrain, or injure another.

The term "sexual act" means penetration, however slight, of the anus by the penis, or contact between the mouth and the penis.

If you find from consideration of the evidence that the defendant's acts resulted in bodily injury to B.L., then you may check the corresponding box for "yes" on the verdict form.

If you find from your consideration of all the evidence that the defendant's acts included attempted aggravated sexual abuse, then you may check the corresponding box for "yes" on the verdict form.

If you find from your consideration of all the evidence that the defendant's acts included aggravated sexual abuse, then you may check the corresponding box for "yes" on the verdict form.

If, on the other hand, you find from your consideration of all the evidence that the defendant's

acts did not result in bodily injury to B.L., then you should check the corresponding box for "no" on the verdict form.  You will find -- if you find from your consideration of all the evidence that the defendant's acts did not include aggravated sexual abuse or attempted aggravated sexual abuse, then you should check the corresponding box for "no" on the verdict form.  You'll see how it just goes down from one step to the other on the verdict form.

Let me give you the offense instruction for Count Two, aggravated sexual abuse.  Count Two of the indictment charges that on or about on May 10th of 2018, in the Eastern District of Virginia, the defendant, Chikosi Legins, while in a federal prison, knowingly caused B.L. -- again, Brandon Lemagne -- to engage in a sexual act by using force against B.L. and attempted to do so; specifically, the defendant, Chikosi Legins, pushed, hit, restrained, and overcame B.L., and the defendant used his penis to penetrate B.L.'s mouth and anus, in violation of Title 18, United States Code, Section 2241(a).

Now I'm going to define that offense, aggravated sexual abuse.  Section 2241(a) of Title 18 of the United States Code provides, in pertinent parts, that whoever, in a federal prison, knowingly causes another person to engage in a sexual act by using force against

1  the other person, or attempts to do so, shall be guilty of

2  an offense against the United States.

3          The elements of the offense for Count Two,

4  aggravated sexual abuse, are going to be described now.

5  Count Two of the indictment charges the defendant with

6  aggravated sexual abuse and attempted aggravated sexual

7  abuse, as I said, in violation of Title 18 -- I'm sorry --

8  in violation of Section 2241(a) of Title 18 of the

9  United States Code.  In order to sustain its burden of

10 proof for the crime of aggravated sexual abuse and

11 attempted aggravated sexual abuse as charged in Count Two

12 of the indictment, the government must prove the following

13 two essential elements beyond a reasonable doubt:

14         First, that the defendant knowingly caused B.L.

15 to engage in a sexual act by using force against B.L. or

16 attempted to knowingly engage in a sexual act with B.L. by

17 using force against B.L.; and

18         Second, that the offense was committed at a

19 federal prison.

20         The term "knowingly" means that the defendant

21 was conscious and aware of his action, realized what he

22 was doing or what was happening around him, and did not

23 act because of ignorance, mistake, or accident.

24         The term "force" includes physical force

25 sufficient to overcome, restrain, or injure another.

1  Here, the indictment alleges that the defendant used force

2  by pushing, hitting, restraining, or overcoming B.L.

3          The term "sexual act" means penetration, however

4  slight, of the anus by the penis, or contact between the

5  mouth and the penis.  Here, the indictment alleges that

6  the sex act committed by the defendant was to penetrate

7  B.L.'s mouth or anus with his penis.  If you find that the

8  defendant pushed, hit, restrained, or overcame B.L. to

9  penetrate B.L.'s mouth or anus with the defendant's penis,

10 or if you find even that the defendant attempted to do so,

11 you may find that the first element has been met.

12         Now let me instruct you as to Counts Three and

13 Four, which alleges sexual abuse of a ward.  Count Three

14 of the indictment charges that on or about May 10th of

15 2018, in the Eastern District of Virginia, the defendant,

16 Chikosi Legins, while in a federal prison, knowingly

17 engaged in a sexual act and attempted to do so with B.L.,

18 a person who was in official detention and under the

19 custodial, supervisory, and disciplinary authority of the

20 defendant; specifically Corrections Officer Chikosi Legins

21 used his penis to penetrate inmate B.L.'s mouth and anus

22 while in the Federal Correctional Institution in

23 Petersburg, in violation of Title 18, United States Code,

24 Section 2243(b).

25         Count Four charges the same offense.  It alleges

1   that on a different date, though, March 16th of 2018, in

2   the Eastern District of Virginia, the defendant, Chikosi

3   Legins, while in a federal prison, knowingly engaged in a

4   sexual act and attempted to do so with B.L., a person who

5   was in official detention and under the custodial,

6   supervisory, and disciplinary authority of the defendant;

7   specifically, Corrections Officer Chikosi Legins used his

8   penis to penetrate inmate B.L.'s mouth while in the

9   Federal Correctional Institution in Petersburg, in

10  violation of Title 18, United States Code, Section

11  2243(b).

12          I'm going to define for you this offense, which

13  is different than the earlier offenses.  Section 2243(b)

14  of Title 18 of the United States Code provides, in part,

15  that, whoever, in a federal prison, knowingly engages in a

16  sexual act with another person who is, (1), in official

17  detention; and (2), under the custodial, supervisory, or

18  disciplinary authority of the person so engaging, or

19  attempts to do so, shall be guilty of an offense against

20  the United States.

21          Now I'm going to provide for the elephant -- I'm

22  sorry.  The elements -- I'm getting tired here.  The

23  elements of the two offenses -- they're the same -- as

24  alleged in Counts Three and Four.

25          Counts Three and Four of the indictment charge

1    the defendant with sexual abuse of a ward and attempted

2    sexual abuse of a ward.  In order to sustain its burden of

3    proof for the crime of sexual abuse of a ward, and

4    attempted sexual abuse of a ward as charged in Counts

5    Three and Four of the indictment, the government must

6    prove the following three essential elements beyond a

7    reasonable doubt:

8          One, that the defendant engaged in a sexual act

9    with B.L., or attempted to engage in a sexual act with

10   B.L.;

11         Second, at the time, B.L. was in official

12   detention at the Federal Correctional Institution at

13   Petersburg; and

14         Third, at the time, B.L. was under the

15   custodial, supervisory, or disciplinary authority of the

16   defendant.

17         The term "knowingly" means that the defendant

18   was conscious and aware of his action, realized what he

19   was doing or what was happening around him, and did not

20   act out of ignorance, mistake, or accident.

21         The term "sexual act" means penetration, however

22   slight, of the anus by the penis; contact between the

23   mouth and the penis, or the mouth and the anus; and the

24   penetration, however slight, of the anal or genital

25   opening of another by a hand or finger or by any object,

1  with an intent to abuse, humiliate, harass, degrade, or

2  arouse or gratify the sexual desire of any person.

3          The term "official detention" means detention by

4  a federal officer, or employee or under the direction of a

5  federal officer or employee, following a charge or

6  conviction of an offense.

7          If you find that on or about May 10th, 2018,

8  while B.L. was officially detained at the Federal

9  Correctional Institution at Petersburg and under the

10 defendant's authority, the defendant used his penis to

11 penetrate B.L.'s mouth or anus, or attempted to do so, you

12 may find him guilty of the offense charged in Count Three.

13 If you find that on or about March 16th of 2018, while

14 B.L. was officially detained at the Federal Correctional

15 Institution in Petersburg, that the defendant used his

16 penis to penetrate B.L.'s mouth, or attempted to do so,

17 you may find him guilty of the offense charged in Count

18 Four.

19         I'm going to turn to Instruction 35, defining

20 the offense instruction -- defining the offense alleged in

21 Count Five, which is false statements to a federal

22 officer.  Count Five of the indictment charges as follows:

23 That on or about June the 5th of 2018, in the Eastern

24 District of Virginia, the defendant, Chikosi Legins,

25 knowingly and willfully made false, fictitious, and

1   fraudulent statements and representations to special

2   agents of the Federal Bureau of Investigation, the FBI;

3   and Department of Justice, DOJ; Office of the Inspector

4   General as to material facts in relation to a matter

5   within the justification of the FBI and the DOJ, agencies

6   of the United States.  Specifically, the defendant,

7   Chikosi Legins:  (1) -- there's two alleged false

8   statements.  (1) falsely denied that he engaged in a

9   sexual act with any inmate at any time at the Federal

10  Correctional Institution in Petersburg; and (2) falsely

11  stated that on May the 10th of 2018, he attempted to use a

12  computer and a printer while he was engaged in, quote,

13  just conversation, unquote, with inmate B.L. when they

14  were alone in an unattended office with no surveillance

15  cameras.  Those statements and representations by Chikosi

16  Legins were false, because as Chikosi Legins then well

17  knew, he had engaged in a sexual act with an inmate at the

18  Federal Correctional Institution in Petersburg; and on May

19  the 10th of 2018, the defendant used an unattended office

20  with no surveillance cameras to engage in a sexual act

21  with B.L., in violation of Title 18, United States Code,

22  Section 1001.

23          Now I want to define for you the Statute 1001.

24  Section 1001(a)(2) of Title 18 of the United States Code

25  provides, in part, that whoever, in any matter within the

1 jurisdiction of the executive, legislative, or judicial
2 branches of the government of the United States knowingly
3 and willfully makes any materially false, fictitious or
4 fraudulent statements or representation shall be guilty of
5 an offense against the United States.

6        Now I'm going to go over the elements of this
7 offense, of false statements.  In order to sustain its
8 burden of proof for the crime of knowingly and willfully
9 making a false statement to the United States government
10 as charged in Count Five of the indictment, the government
11 must prove the following four essential elements beyond a
12 reasonable doubt:

13        First, that the defendant made a false,
14 fictitious, or fraudulent statement or representation to
15 the government as detailed in Count Five of the
16 indictment.  That's one of those two statements.

17        Two, in making the false, fictitious, or
18 fraudulent statement, the defendant acted willfully,
19 knowing that the statement was false.

20        Third, the statement was made in a matter within
21 the jurisdiction of the executive branch of the government
22 of the United States.

23        And last, the statement made by the defendant
24 was material to the Federal Bureau of Investigation and/or
25 the Office of the Inspector General.

1          This count alleges a number -- specifically
2    two -- false or fraudulent statements.  The government is
3    not required to prove that all the statements alleged in
4    Count Five of the indictment as false are, in fact, false.
5    Each juror, however, must agree with each of other jurors
6    that the same false, fictitious, or fraudulent statement
7    or representation alleged in Count Five is, in fact,
8    false, fictitious, or fraudulent.  In other words, they
9    allege two statements.  They don't have to prove them
10   both.  They only need to prove one.  They might prove
11   both.  That's up to you to decide.  But what you do have
12   to agree on, if you were to find that the government
13   proved this count beyond a reasonable doubt, you have to
14   agree as to which statement, or both, that the defendant
15   made.  Do you understand that?

16          The jury need not unanimously agree on each such
17   statement alleged, but in order to convict, you must
18   unanimously agree upon at least one such statement as
19   false, fictitious, or fraudulent when knowingly made or
20   used by the defendant, and then the jury must indicate on
21   a special verdict form which statement, or statements, it
22   found to be false, fictitious, or fraudulent.

23          Unless the government has proven the same false
24   or fraudulent statement to each of you beyond a reasonable
25   doubt, you must acquit the defendant of the charge in

1    Count Five of this indictment.  In other words, you have

2    to agree as to each statement, that the government has met

3    their burden of proof beyond a reasonable doubt for you to

4    identify that statement to support the offense.  Of

5    course, you could find it as to both if you so decide.

6              Let me turn to Instruction Number 38,

7    definitions for the offense charged in Count Five, false

8    statements.  A false or fictitious statement or

9    representation is an assertion which is untrue when made

10   or when used and which is known by the person making it or

11   using it to be untrue.  A fraudulent statement or

12   representation is an assertion which is known to be untrue

13   and which is made or used with the intent to deceive.

14             A material statement is one that has the natural

15   tendency to influence a governmental action or is capable

16   of influencing a governmental action.  It is not necessary

17   for the United States to prove that the statements here

18   charged actually did influence a governmental action.

19             A person acts willfully, as that term is used in

20   Count Five, when that person acts deliberately,

21   voluntarily, and intentionally and with the knowledge that

22   the conduct is unlawful.  A person who makes, submits, or

23   uses a statement or writing which that person believes to

24   be truthful does not knowingly make, submit, or use a

25   false, fictitious, or fraudulent statement.

1          A matter is, quote, within the jurisdiction of

2    the executive branch of the United States Government,

3    unquote, if the FBI and/or the Department of Justice,

4    Office of the Inspector General has the power to exercise

5    authority in that matter.  It is not necessary, however,

6    that the government prove that the defendant knew that the

7    matter was within the jurisdiction of the United States

8    government.

9          Let me define for you the word attempt as I've

10   used.  In Counts Two, Three and Four of the indictment,

11   the defendant is charged with committing offenses or

12   attempting to commit crimes.  In order to sustain its

13   burden of proof for these counts, the government must

14   prove either that the defendant committed these crimes or

15   that he attempted to commit these crimes.  To prove that

16   the defendant attempted to commit these crimes, the

17   government must prove the following two essential elements

18   beyond a reasonable doubt as to each count:

19          First, the defendant intended to commit the

20   crime described in the count; and

21          Second, thereafter, the defendant did an act

22   constituting a substantial step towards the commission of

23   the crime.

24          A defendant may be found guilty of attempting to

25   commit a federal crime even though no one actually did all

1  the acts necessary in order to commit the crime.  A

2  defendant may not be found guilty of attempting to commit

3  any crime, however, merely by thinking about it or even by

4  making some plans or some preparation for the commission

5  of a crime.

6          The difference between conduct which violates

7  the law and conduct which does not violate the law in this

8  regard is what is referred to as taking a substantial step

9  towards the commission of a crime.  In determining whether

10 or not the defendant took a substantial step towards the

11 commission of a crime, you must consider all the evidence

12 admitted in the case concerning that defendant and the

13 alleged commission of that crime.

14         In order to find the defendant guilty of

15 committing the crime of attempted aggravated sexual abuse,

16 as in Count Two, or the crime of attempted sexual abuse of

17 a ward, as set forth in Counts Three and Four, the

18 government must prove beyond a reasonable doubt that the

19 mental processes of the defendant passed from the stage of

20 just thinking about the crime to actually intending to

21 commit that crime and that the physical process of the

22 defendant went beyond and passed from the stage of mere

23 preparation to, instead, some firm, clear, and undeniable

24 action to accomplish that intent.

25         Instruction 40.  This is kind of the rules of

1  the road as to what you do, and I'm going to give this

2  instruction to you again after the closing arguments just

3  so you know exactly how to do your job.

4          Upon retiring to the jury room to begin your

5  deliberations, you must first elect one of your number --

6  one of your members to act as your foreperson.  The

7  foreperson will preside over your deliberations and will

8  be your spokesperson here in court.

9          Your verdict must represent the collective

10 judgment of the jury.  In order to return a verdict, it is

11 necessary that each juror must agree to it.  Your verdict,

12 in other words, must be unanimous.

13         It is your duty as jurors to consult with one

14 another and to deliberate with one another with a view

15 towards reaching an agreement if you can do so without

16 violence to your individual judgment.  Each of you must

17 decide the case for yourself, but do so only after an

18 impartial consideration of the evidence in the case with

19 your fellow jurors.  And that will occur during

20 deliberations only.  In the course of your deliberations,

21 do not hesitate to reexamine your own views and to change

22 your opinion if convinced it is erroneous.  Do not

23 surrender your honest convictions, however, solely because

24 of the opinion of your fellow jurors or for the mere

25 purpose of thereby being able to return a unanimous

1    verdict.

2              Remember at all times that you are not

3    partisans.  You are judges, judges of the facts of this

4    case.  Your sole interest here is to seek the truth from

5    the evidence as received during the trial.

6              Your verdict must be based solely upon the

7    evidence received in this case.  Nothing you have seen or

8    read outside the court may be considered.  That's why I

9    asked you every morning about that, right.  Nothing that I

10   have said or done during the course of this trial is

11   intended in any way to somehow suggest to you what I think

12   your verdict ought to be.  Nothing said in these

13   instructions and nothing in any form in the verdict, which

14   has been prepared for your convenience, is to suggest or

15   convey to you in any way or manner or any intimation as to

16   what verdict I think you should return.  What the verdict

17   shall be is the exclusive duty and responsibility of you

18   all as the jurors in this case.  As I have told you many

19   times, you are the sole judges of the facts.

20             Now, the punishment provided by law for the

21   offenses charged in the indictment is a matter exclusively

22   within the province of the Court and should never be

23   considered by the jury in any way in arriving at any

24   impartial verdict as to the offenses charged.  In other

25   words, punishment is my job.  You're not to consider that

1  as to whether or not somebody is guilty or not guilty of a

2  crime.

3          Now, a form for the verdicts has been prepared

4  for your convenience.  That's attached.  And I'll be

5  giving you one verdict form that you'll use alone to

6  render the verdict.

7          You will take this form to the jury room, and

8  when you have reached unanimous agreement as to your

9  verdicts, you will have your foreperson write your

10  verdicts, date and sign the form, and then return with

11  your verdicts to the courtroom.  You'll let Officer Spivey

12  know when you're finished.

13          If it becomes necessary during your

14  deliberations to communicate with the Court, me, you may

15  send a note, signed by your foreperson or by one or more

16  members of the jury through the bailiff, Mr. Spivey.  No

17  member of the jury should ever attempt to communicate with

18  the Court by any means other than a signed writing, a

19  note, and the Court will never communicate with any member

20  of the jury concerning the evidence, your opinions, or the

21  deliberations other than in writing or orally here in open

22  court.

23          You will note from the oath about to be taken by

24  the bailiff that they too, as well as all other persons,

25  are forbidden to communicate in any way or any manner with

1    any member of the jury concerning the evidence, your

2    opinions, or the deliberations.

3              Bear in mind also that you are never to reveal

4    to any person, not even to me, how the jury stands,

5    numerically or otherwise, on the question of whether or

6    not the government has sustained its burden of proof until

7    you have reached your unanimous verdict.

8              So, in other words, let's say you have a

9    question and you write a note, signed by the foreperson,

10   to me.  Do not write in the note, well, we are divided

11   nine to three or six to six.  Don't do that.  The only

12   time that we talk about what your numbers are is at the

13   end when you're unanimous and you return with your final

14   verdict.  Does everybody understand that?  That's very

15   important for you to be mindful of that.

16             All right.  I'm just going to go through the

17   verdict form.  I'm going to go through this again after

18   you hear closing argument.  Because it's so important,

19   though, I want to make sure you understand what you're

20   supposed to do here.  So you're going to go count by

21   count.  Okay.  You'll start with Count One.  All right.

22   And you'll decide whether or not the government has proved

23   the defendant's guilt beyond a reasonable doubt under the

24   instructions that I gave you as to this count.

25             You'll then indicate we, the jury, unanimously

1   find the defendant, Chikosi Legins -- and then you'll

2   write either "guilty" or "not guilty" as charged in

3   Count One of the indictment.

4           If, and only if, you find him guilty of

5   Count One, then you go to the additional steps.  So if you

6   find him not guilty, you don't do the additional steps.

7   Okay.  But if you find him guilty of Count One, you then

8   go to 1a, did the defendant's conduct include attempted

9   sexual -- attempted aggravated sexual abuse?  And then

10  you'll answer yes or no as to whether they proved it

11  beyond a reasonable doubt.

12          Then you'll go to 1b, did the defendant's

13  conduct included aggravated sexual abuse?  Again, whether

14  they proved it beyond a reasonable doubt, you'll just

15  check either yes or no.

16          Did the defendant's conduct result in bodily

17  injury?  Again, you'll check yes or no depending on

18  whether they proved it beyond a reasonable doubt.

19          As to Count Two, then, you'll decide aggravated

20  sexual abuse, whether the government proved it beyond a

21  reasonable doubt.  And then you'll indicate, we, the jury,

22  unanimously find the defendant, Chikosi Legins -- and then

23  you'll write in there either "guilty" or "not guilty" as

24  charged in Count Two of the indictment.

25          Similarly, for Count Three, sexual abuse of a

1    ward; and Count Four, the same offense, you'll write in

2    "not guilty" or "guilty" depending on whether they have

3    proved those counts beyond a reasonable doubt.

4            Now, as to Count Five, which is the false

5    statement allegation, you'll write in, first of all,

6    whether or not you find him guilty or not guilty beyond a

7    reasonable doubt as to Count Five.  If, and only if, you

8    find him guilty of Count Five, then you go to the second

9    part, which is which statement, or both, you have all

10   agreed that the government has proved that he made a false

11   statement beyond a reasonable doubt, and you'll check the

12   appropriate box.  If you -- you could check both.  If you

13   find him guilty, you have to at least find one of those,

14   right.  If you find him not guilty, you don't get to this

15   part.  But if you find him guilty, you can check one or

16   both depending on whether or not you find the government

17   has proved the statement to be false beyond a reasonable

18   doubt.

19           Once you've concluded and you're unanimous -- I

20   can't stress that enough -- then the foreperson will sign

21   their name and date it, and you'll indicate to

22   Officer Spivey that you're ready to return to court, and

23   then we'll receive your verdict.  That's kind of rules of

24   the road.  I'm going to go over this one more time after

25   you hear closing arguments.

1                    *  *  *  *  *  *  *  *

2

3                    REPORTER'S CERTIFICATE

4          I, Tracy J. Stroh, OCR, RPR, Notary Public in and for

5     the Commonwealth of Virginia at large, and whose

6     commission expires September 30, 2023, Notary Registration

7     Number 7108255, do hereby certify that the pages contained

8     herein accurately reflect the stenographic notes taken by

9     me, to the best of my ability, in the above-styled action.

10         Given under my hand this 21st day of September 2020.

11

12                    _____
                              /s/
                      Tracy J. Stroh, RPR

13

14

15

16

17

18

19

20

21

22

23

24

25